■ In the Matter of DANIELLA C.G. and Another, Children Alleged to be Permanently Neglected. FRANK G., Appellant; CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent. [808 NYS2d 213]—

Orders, Family Court, Bronx County (Carol Stokinger, J.), entered on or about June 25, 2004, which, upon fact-finding determination of permanent neglect, terminated the parental rights of respondent father and committed the subject children to the custody and guardianship of the petitioner agency and the Commissioner of Social Services for purposes of adoption, unanimously affirmed, without costs.

Petitioner agency satisfied its statutory burden of making diligent efforts to encourage and strengthen the parental relationship here (*see* Social Services Law § 384-b [7] [f]). Those efforts included scheduling regular visitation between the parents and the children, referring and encouraging the mother to attend and complete various drug treatment programs, referring respondent father to parenting skills training, holding regular planning meetings with respondent father and subjecting him to random drug screenings (*see Matter of Byron Christopher Malik J.*, 309 AD2d 669 [2003]).

Although respondent father complied with much of the agency's service plan, he nonetheless permanently neglected his children by failing to realistically plan for their future (*see Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). Respondent father did not adequately address the issue of his wife's drug addiction, which led to removal of the children from the home in the first place. Respondent father acknowledged that his wife did not comply with her drug treatment programs, and although he told her she could not return to his home until she had ceased using drugs, he never enforced this ultimatum. In fact, contrary to the agency's direction to respondent father to plan for his children independently because his wife continued to test positive for drugs, he continued to live with her. His failure to address this issue constituted a failure to plan, and thus supported a finding of permanent neglect (*see Matter of Monica Betzy D.*, 291 AD2d 289, 290 [2002]; *Matter of Jaquone Emiel B.*, 288 AD2d 57, 58 [2001], *lv denied* 97 NY2d 608 [2002]). The record does not support the contentions of respondent father, who did receive meaningful legal representation throughout these proceedings (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *Matter of Bykya Minnie E.*, 212 AD2d 365, 366 [1995], *lv dismissed and lv denied* 85 NY2d 964 [1995]). Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.