In the Matter of RAY A., JR. ST. VINCENT'S SERVICES, Respondent; MARILYN R. et al., Respondents. STEVEN BANKS, Law Guardian, Nonparty Appellant. [817 NYS2d 328]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the Law Guardian appeals (1), as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Queens County (Salinitro, J.), dated August 26, 2004, made after fact-finding and dispositional hearings, as found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child jointly to St. Vincent's Services and the Commissioner of Social Services of the City of New York for the purpose of adoption, and (2) from so much of an order of the same court dated April 18, 2005, as denied that

branch of his motion which was to vacate and/or modify the order of disposition.

Ordered that the order of disposition and the order dated April 18, 2005 are affirmed insofar as appealed from, without costs or disbursements.

To terminate parental rights based upon permanent neglect, the petitioning agency must establish, by clear and convincing evidence, that the parents failed, for a period of more than one year following the date the child came into care, "substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the [A]gency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Star Leslie W.,* 63 NY2d 136, 142-143 [1984]; *Matter of Lauramarie Addie W.,* 18 AD3d 473 [2005]). The agency met its burden of proving permanent neglect by establishing that the mother failed to maintain regular contact with the child, failed to actively involve herself in attending to the child's special needs, failed to attend therapy, and failed to secure adequate housing and steady employment, all of which were a necessary part of the plan for the child's return, despite the agency's diligent efforts to strengthen and encourage the parent-child relationship (*see Matter of Star Leslie W., supra; Matter of Lauramarie Addie W., supra*).

The Family Court, in the exercise of its discretion, properly concluded that termination of parental rights was in the child's best interest. The mother failed to maintain regular contact with the child, who had remained in placement for more than seven years prior to the date of the Family Court order terminating her parental rights. The mother's sporadic visitation evinced a fundamental lack of commitment to the child (*see Matter of Lauramarie Addie W., supra*). In view of this determination, the Family Court properly denied that branch of the Law Guardian's motion which was to vacate and/or modify the dispositional order. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.