■ In the Matter of ANGELICA W. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; DOROTHY W., Appellant. [915 NYS2d 609]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition (one paper) of the Family Court, Queens County (Salinitro, J.), dated January 29, 2010, which, after fact-finding and dispositional hearings, terminated her parental rights upon a finding that she permanently neglected the subject child, and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the mother's contention, the evidence adduced at the fact-finding hearing established by clear and convincing evidence that for a period of one year following the placement of the subject child with an authorized agency, the mother failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63

NY2d 136, 143 [1984]; *Matter of Arriola Nicole S.*, 45 AD3d 407, 408 [2007]; *Matter of Joquan Jomaine-Anthony V.*, 39 AD3d 868, 869 [2007]; *Matter of Ray A.*, 30 AD3d 410, 411 [2006]). Further, the Family Court properly determined that the best interests of the child would be served by terminating the mother's parental rights and freeing the child for adoption by her foster mother (*see Matter of Ashey Lorraine R.*, 22 AD3d 671, 672 [2005]). A suspended judgment was not warranted despite the mother's recent efforts to plan for the child's future because the child has bonded with her foster mother who has competently and consistently provided for her specialized needs since she was 10 months old, and it is not in the child's best interests, under the circumstances, to prolong foster care (*see Matter of Tyria W.*, 41 AD3d 859, 860 [2007]; *Matter of Paul Michael G.*, 36 AD3d 541, 542 [2007]; *Matter of Olivia Susan C.*, 2 AD3d 441, 442 [2003]; *Matter of Marie J.*, 307 AD2d 265 [2003]). Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.