■ In the Matter of RAYMOND L. YOUNG, Respondent, v DEBORAH YOUNG, Appellant, et al., Respondent. [921 NYS2d 895]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Kelly, J.), dated January 27, 2010, which, after a hearing, awarded sole custody of the subject children to the father.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court did not err in summarily denying the mother's motion to suppress certain evidence which she alleged was obtained illegally. In a custody case, the court is required to determine "solely what is for the best interest of the child, and what will best promote its welfare and happiness, and make award accordingly" (Domestic Relations Law § 70 [a]). "The best interests of the child are determined by a review of the totality of the circumstances" (Matter of Andrews v Mouzon, 80 AD3d 761, 762 [2011]). Application of the exclusionary rule to prevent the court from considering factors relevant to that determination, pertaining here to the condition of the home of a parent who is seeking custody, would have a "detrimental impact upon the fact-finding process and the State's enormous interest in protecting the welfare of children," which outweighs the deterrent effect of applying the exclusionary rule (Matter of Diane P., 110 AD2d 354, 354 [1985]).

Moreover, we reject the mother's contention that the Family Court should have conducted a pretrial hearing as to the voluntariness of an admission she made and the effectiveness of her counsel in a neglect proceeding which had been brought against her. The mother testified as to these matters during the custody trial, such that the issues and her position thereon were before the Family Court.

Because custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Rodriguez v Guerra, 28 AD3d 775 [2006]). Here, the Family Court's determination that it was in the subject children's best interests for the father to be awarded custody has a sound and substantial basis in the record (see Baker v Baker, 66 AD3d 722 [2009]; Matter of Muller v Muller, 221 AD2d 635 [1995]).

The mother's remaining contention is without merit. Mastro, J.P., Belen, Chambers and Roman, JJ., concur.