In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated February 17, 2011, as, after a fact-finding and dispositional hearing, found that she permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the children to the Suffolk County Department of Social Services for the purpose of adoption, and the father separately appeals, as limited by his brief, from so much of the order of fact-finding and disposition as found that he permanently neglected the children Anthony, Dominick, and Vincent, terminated his parental rights, and transferred custody and guardianship of those children to the Suffolk County Department of Social Services for the purpose of adoption.
Ordered that the order of fact-finding and disposition is affirmed, insofar as appealed from, without costs or disbursements.
The evidence adduced at the hearing established by clear and convincing proof that, for a period of one year following the subject children’s placement with the petitioner, the appellants failed to plan for the future of the children, although physically and financially able to do so, notwithstanding the petitioner’s diligent efforts to encourage and strengthen the parental relationships {see Social Services Law § 384-b [7] [a]; Family Ct Act § 622; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]). Further, termination of the appellants’ parental rights was in the best interests of the children (see Family Ct Act § 631; Matter of Shaolin E.P. [Jettris P.], 91 AD3d 954, 955 [2012]; Matter of Peter C., Jr. [Peter C.], 88 AD3d 702, 703 [2011]; Matter of Angelica W. [Dorothy W.], 80 AD3d 772, 773 [2011]).
*1331 The parties’ remaining contentions are without merit. Angiolillo, J.E, Eng, Lott and. Cohen, JJ., concur.