■ In the Matter of Justice A.A., Jr. St. Vincent's Services, Inc., et al., Respondents; Tina M.G., Appellant. (Proceeding No.

1.) In the Matter of JAIDLYN A. ST. VINCENT'S SERVICES, INC., et al., Respondents; TINA M.G., Appellant. (Proceeding No. 2.) [994 NYS2d 187]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition of the Family Court, Queens County (Richroath, J.) (one as to each child), both dated October 18, 2013, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the children jointly to the Commissioner of Social Services of the City of New York and St. Vincent's Services, Inc., for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

Contrary to the mother's contentions, the petitioning agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and the subject children, including by meeting with the mother to review her service plan, providing referrals for counseling, scheduling visitation between the mother and the subject children, modifying visitation arrangements upon the request of the mother, and providing the mother with a Metrocard to facilitate her visits with the children (see Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Chanel C. [Vanessa N.], 118 AD3d 826, 827 [2014]; Matter of Elasia A.D.B. [Crystal D.G.], 118 AD3d 778, 779 [2014]). Despite these efforts, during the several years when the children were in foster care, the mother admittedly failed, inter alia, to comply with all counseling required by her service plan and to regularly visit the children. The mother's belated partial compliance with the service plan, after the filing of the petitions and several years after the children had entered foster care, was insufficient to preclude findings of permanent neglect (see Matter of Elasia A.D.B. [Crystal D.G.], 118 AD3d at 779; Matter of Hadiyyah J.M. [Fatima D.R.], 91 AD3d 874, 875 [2012]). Moreover, under the circumstances presented here, including the prolonged period of time in which the children had been in foster care and the fact that the children had bonded with their foster parent, the Family Court also properly determined that termination of parental rights, rather than the entry of a suspended judgment, was in the children's best interests (see

*Matter of Yamilette M.G. [Marlene M.]*, 118 AD3d 698, 700 [2014]; *Matter of Amonte M. [Mary M.]*, 112 AD3d 937, 938-939 [2013]). Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.