■ In the Matter of JAMES T.L. SUFFOLK COUNTY DEPART-MENT OF SOCIAL SERVICES, Respondent; ROBERT L., Appellant. (Proceeding No. 1.) In the Matter of BLAKE T.L. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT L., Appellant. (Proceeding No. 2.) [20 NYS3d 138]—

Appeal from (1) an order of the Family Court, Suffolk County (David Freundlich, J.), dated August 13, 2014, and (2) an order of that court dated August 18, 2014. The orders, insofar as appealed from, after a fact-finding hearing, determined that the father permanently neglected the subject children, James T.L. and Blake T.L.

Ordered that orders are affirmed insofar as appealed from, without costs or disbursements.

The petitioner established, by clear and convincing evidence, that it exercised diligent efforts to encourage and strengthen the parent-child relationship by, inter alia, scheduling visits between the father and the subject children, providing referrals for court-ordered programs, and advising the father of the importance of complying with the court's directives (*see Matter of Angel M.R.J. [Rachel R.]*, 124 AD3d 657 [2015]; *Matter of Kaydance H.G. [Carmen M.]*, 122 AD3d 630 [2014]; *Matter of Dianelys T.W. [Malik W.]*, 121 AD3d 801 [2014]; *Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d 543, 543-544 [2013]; *Matter of John M. [Raymond K.]*, 82 AD3d 1100 [2011]; *Matter of Danielle Joy K.*, 60 AD3d 948 [2009]). Despite these efforts, the father failed to plan for the return of the subject children by failing to attend a substance abuse treatment program for at least one year following the children's entrance into foster care

(see *Matter of Angel M.R.J. [Rachel R.]*, 124 AD3d 657 [2015]; *Matter of Jonathan B. [Linda S.]*, 84 AD3d 1078 [2011]; *Matter of David O.C.*, 57 AD3d 775 [2008]; *Matter of Jonathan P.*, 283 AD2d 675 [2001]; *see also Matter of Daniella C.G.*, 25 AD3d 494 [2006]). Although the father completed a parenting course, submitted to a forensic health evaluation and visited with the subject children, he did not adequately address his substance abuse issues. Partial compliance with the court-ordered programs is insufficient to preclude a finding of permanent neglect (*see Matter of Mercedes R.B. [Heather C.]*, 130 AD3d 1022 [2015]; *Matter of Kayla S.-G. [David G.]*, 125 AD3d 980 [2015]; *Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d at 544). Accordingly, the Family Court properly determined that the father had permanently neglected the subject children. Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.