■ In the Matter of GIAVANNA M. PUTNAM COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CYNTHIA M.-B., Appellant. (Proceeding No. 1.) In the Matter of ITALYA M. PUTNAM COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CYNTHIA M.-B., Appellant. (Proceeding No. 2.) [20 NYS3d 141]—

Appeal from an order of fact-finding and disposition of the Family Court, Putnam County (James F. Reitz, J.), entered October 28, 2014. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and committed the children to the custody and guardianship of the Putnam County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and the subject children (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.,* 63 NY2d 136, 142-143 [1984]; *Matter of Sheila G.,* 61 NY2d 368, 373 [1984]; *Matter of Darryl A.H. [Olga Z.],* 109 AD3d 824 [2013]). These efforts included facilitating visitation; repeatedly providing the mother with referrals for therapy appointments and parenting classes, reminders to attend those appointments and classes, and the necessary transportation to insure her attendance; attempting to maintain contact with her by numerous telephone calls and frequent correspondence; and assisting her in applying for Section 8 and Social Security

disability insurance benefits (*see Matter of Chanel C. [Vanessa N.]*, 118 AD3d 826 [2014]; *Matter of Precious D.A. [Tasha A.]*, 110 AD3d 789 [2013]; *Matter of Darryl A.H. [Olga Z.]*, 109 AD3d 824 [2013]). Despite these efforts, the mother failed to plan for the children's future (*see* Social Services Law § 384-b [7] [c]; *Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]; *Matter of Ariana N.T. [Ana D.]*, 121 AD3d 1009, 1010 [2014]; *Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d 778, 779 [2014]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1087-1088 [2011]). Accordingly, the Family Court properly determined that the mother had permanently neglected the children, and that it was in the children's best interests to terminate the mother's parental rights (*see Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d 543, 544 [2013]).

The mother's contention that the Family Court erred in failing to suppress certain evidence which she alleged was obtained illegally is without merit. The State has an "enormous interest in protecting the welfare of children" (*Matter of Diane P.*, 110 AD2d 354, 354 [1985]). Here, application of the exclusionary rule to prevent the court from considering evidence of permanent neglect, pertaining here to the condition of the mother's home, would have a detrimental impact upon the fact-finding process and the State's interest in protecting the welfare of children, which outweighs the deterrent effect of applying the exclusionary rule (*see Matter of T. Children*, 123 AD2d 390, 392-393 [1986]; *Matter of Diane P.*, 110 AD2d at 354; *Matter of Young v Young*, 84 AD3d 972 [2011]).

The mother's contention that she is entitled to a suspended judgment pursuant to Family Court Act § 633 is unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.