■ In the Matter of CHINA E.C. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALEXIS C., Also Known as ALEXIS P., Appellant. (Proceeding No. 1.) In the Matter of JULIAN J.V. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALEXIS C., Also Known as ALEXIS P., Appellant. (Proceeding No. 2.) In the Matter of JULIUS ELIAS V. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALEXIS C., Also Known as ALEXIS P., Appellant. (Proceeding No. 3.) [23 NYS3d 286]—

Appeal from an order of fact-finding and disposition (one paper) of the Family Court, Westchester County (Janet C. Malone, J.), entered August 19, 2014. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated the mother's parental rights, and transferred the guardianship and custody of the subject children to the Westchester County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

In 2010, the petitioner removed the three subject children from the home of their mother and thereafter placed the children in foster care. In an order of fact-finding and disposition entered December 4, 2012, the Family Court found that the mother had neglected the children and directed her to complete certain services. In April 2013, the petitioner commenced proceedings to terminate the mother's parental rights to each of the children. After fact-finding and dispositional hearings, in an order of fact-finding and disposition entered August 19, 2014, the Family Court, inter alia, found that the mother had permanently neglected the children and terminated her parental rights. The mother appeals.

The petitioner agency established by clear and convincing evidence that it exercised diligent efforts to strengthen the relationship between the mother and the subject children (*see* Social Services Law § 384-b [7] [f] [3]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Jeremiah R.*, 266 AD2d 553, 553-554 [1999]), but that the mother failed to complete any court-ordered services or plan for the children's future (*see* Social Services Law § 384-b [7] [a]). Accordingly, the Family Court properly made a finding of permanent neglect (*see Matter of Angel H. [Omayra G.]*, 107 AD3d 891, 892 [2013]).

The paramount concern at a dispositional hearing is the best interests of the children (*see* Family Ct Act § 631; *Matter of Commissioner of Social Servs. of City of N.Y. v Leona W.*, 192 AD2d 602, 603 [1993]). Here, the Family Court properly determined based on the evidence at the hearing that the best interests of the subject children would be served by terminating the mother's parental rights and freeing the children for adoption (*see Matter of Angelica W. [Dorothy W.]*, 80 AD3d 772, 773 [2011]; *Matter of Justice A.A. [Tina M.G.]*, 121 AD3d 886, 887-888 [2014]). Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.