■ In the Matter of Devon D.T. Children's Aid Society et al., Respondents; Davina T., Appellant. [24 NYS3d 383]—

Appeal from an order of fact-finding and disposition of the Family Court, Richmond County (Karen Wolff, J.), dated September 18, 2014. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the Children's Aid Society and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Children's Aid Society petitioned pursuant to Social Services Law § 384-b to terminate the mother's parental rights with respect to the subject child on the ground of permanent neglect. In an order of fact-finding and disposition dated September 18, 2014, made after fact-finding and dispositional hearings, the Family Court, inter alia, found that the mother permanently neglected the subject child and terminated her parental rights. The mother appeals.

Contrary to the mother's contention, the Family Court properly found that the petitioning agency made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]; *Matter of Jeremy J.M. [Brandy T.]*, 118 AD3d 796 [2014]; *Matter of Kira J. [Lakisha J.]*, 108 AD3d 541 [2013]), and that despite the petitioner's diligent efforts, the mother failed to adequately plan for the subject child's future (*see* Social Services Law § 384-b [7] [c]; *Matter of Davina R.M.R.L. [Jennifer A.]*, 123 AD3d 1126 [2014]; *Matter of Kira J. [Lakisha J.]*, 108 AD3d 541 [2013]; *Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d 729, 731 [2012]).

The Family Court also properly terminated the mother's parental rights. The evidence adduced at the dispositional

hearing established that termination of the mother's parental rights was in the best interests of the child (*see Matter of Anastasia R. [Jessica R.]*, 133 AD3d 605 [2015]). Further, a suspended judgment was not appropriate, given the mother's lack of insight into her problems and her failure to acknowledge and address the issues preventing the child's return to her care (*see Matter of Aaliyah L.C. [Jamie A.]*, 128 AD3d 955 [2015]; *Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d at 731; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1088 [2011]).

The mother's remaining contentions are without merit. Balkin, J.P., Leventhal, Cohen and Maltese, JJ., concur.