In the Matter of OMARIE S.B. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EVAN J. et al., Appellants. [27 NYS3d 179]—

Appeals from an order of fact-finding and disposition (one paper) of the Family Court, Westchester County (Michelle I. Schauer, J.), dated September 9, 2014. The order, after fact-finding and dispositional hearings, found that the mother and the father permanently neglected the subject child, terminated their parental rights, and transferred guardianship and custody of the child to the Westchester County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

In 2010, the subject child was placed in the care of the Commissioner of the Westchester County Department of Social Services (hereinafter the agency) following a finding that the mother had neglected him. At that time, the permanency goal for the child was to return to the mother. The agency was working with the mother to accomplish that goal by setting up visitation, planning conferences, and making referrals to various programs. The agency began to work with the father in March 2012 and set up visitation with the child. In January 2013, the agency filed a petition seeking to terminate the mother's and the father's parental rights on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court found that the mother and the father permanently neglected the child, terminated their parental rights, and transferred guardianship and custody of the child to the agency for the purpose of adoption.

The Family Court properly found that the agency established by clear and convincing evidence that it made diligent efforts to reunite the mother with the child by providing services and other assistance aimed at ameliorating or resolving the problems preventing the child's return to her care (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Justice A.A. [Tina M.G.]*, 121 AD3d 886, 887 [2014]). Despite these efforts, and although she participated in the services offered by the agency during the several years that the child was in foster care, the mother failed to successfully deal with the issues she faced that prevented reunification, namely, her inability to control her anger and emotions, and her inability to avoid violent interactions with various people. Thus, the mother failed to plan for the child's safe return, by, inter alia, failing to learn and benefit from the programs arranged for and attended by her (*see* Social Services Law § 384-b [7] [c]; *Matter of Amanda P.S. [Frances C.]*, 133 AD3d 861, 862 [2015]; *Matter of*

*James T.L. [Robert L.]*, 133 AD3d 759, 760 [2015]; *Matter of Alexander S. [David S.]*, 130 AD3d 1463 [2015]).

The Family Court also properly found, based on clear and convincing evidence, that the father permanently neglected the child by failing to plan for that child's return following his placement into foster care. The record establishes that the agency made diligent efforts to assist the father with complying with his service plan, which required him to regularly visit the child and attend clinical evaluations, but that the father failed to appear for the vast majority of them (*see Matter of Angel M.R.J. [Rachel R.]*, 124 AD3d 657, 658 [2015]; *Matter of Joshua E.R. [Yolaine R.]*, 123 AD3d 723, 726 [2014]).

Moreover, the Family Court properly determined that termination of the mother's and the father's parental rights, rather than entry of a suspended judgment, was in the child's best interests (*see* Family Ct Act § 631; *Matter of China E.C. [Alexis C.]*, 134 AD3d 1107 [2015]; *Matter of Justice A.A. [Tina M.G.]*, 121 AD3d at 887-888; *Matter of Angelica W. [Dorothy W.]*, 80 AD3d 772, 773 [2011]). Further, a suspended judgment was not appropriate under the circumstances presented here (*see Matter of Devon D.T. [Davina T.]*, 135 AD3d 947, 948 [2016]; *Matter of Aaliyah L.C. [Jamie A.]*, 128 AD3d 955 [2015]; *Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d 729, 731 [2012]).

The mother's and the father's remaining contentions are without merit. Rivera, J.P., Balkin, Cohen and Barros, JJ., concur.