■ In the Matter of WILLIAM E.P., JR. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MONASHA A.B., Appellant. [27 NYS3d 172]—

Appeal from an order of fact-finding and disposition (one paper) of the Family Court, Westchester County (Michelle I. Schauer, J.), dated September 9, 2014. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the child to the Westchester County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The subject child was removed from the mother's home on July 28, 2010, and thereafter placed in the care of the Commissioner of the Westchester County Department of Social Services (hereinafter the agency) following a finding that the mother had neglected him. At that time, the permanency goal for the child was to return to the mother. The agency set up visitation, held planning conferences, and made referrals to various programs. In January 2013, the agency filed a petition seeking to terminate the mother's parental rights on the ground of

permanent neglect. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the child, terminated her parental rights, and transferred guardianship and custody of the child to the agency for the purpose of adoption. The mother appeals.

The Family Court properly found that the agency established by clear and convincing evidence that it made diligent efforts to reunite the mother with the child by providing services and other assistance aimed at ameliorating or resolving the problems preventing the child's return to her care (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Justice A.A. [Tina M.G.]*, 121 AD3d 886, 887 [2014]). Despite these efforts, and although she participated in the services offered by the agency during the several years that the child was in foster care, the mother failed to successfully deal with the issues she faced that prevented reunification, namely, her inability to control her anger and emotions, and her inability to avoid violent interactions with various people. Thus, the mother failed to plan for the child's safe return, by, inter alia, failing to learn and benefit from the programs she attended (*see* Social Services Law § 384-b [7] [c]; *Matter of Amanda P.S. [Frances C.]*, 133 AD3d 861, 862 [2015]; *Matter of James T.L. [Robert L.]*, 133 AD3d 759, 760 [2015]; *Matter of Alexander S. [David S.]*, 130 AD3d 1463 [2015]).

The Family Court also properly terminated the mother's parental rights. The evidence adduced at the dispositional hearing established that termination of the mother's parental rights and freeing the child for adoption was in the best interests of the child (*see* Family Ct Act § 631; *Matter of China E.C. [Alexis C.]*, 134 AD3d 1107 [2015]; *Matter of Justice A.A. [Tina M.G.]*, 121 AD3d at 887-888; *Matter of Angelica W. [Dorothy W.]*, 80 AD3d 772, 773 [2011]). Further, a suspended judgment was not appropriate under the circumstances presented here (*see Matter of Devon D.T. [Davina T.]*, 135 AD3d 947 [2016]; *Matter of Aaliyah L.C. [Jamie A.]*, 128 AD3d 955 [2015]; *Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d 729, 731 [2012]).

The mother's remaining contentions are without merit. Rivera, J.P., Balkin, Cohen and Barros, JJ., concur.