■ In the Matter of Daniel K.L., a Child Alleged to be Permanently Neglected. SCO Family of Services, Respondent; Shaquanna L., Appellant. (Proceeding No. 1.) In the Matter of Davontay K.L., a Child Alleged to be Permanently Neglected. SCO Family of Services, Respondent; Shaquanna L., Appellant. (Proceeding No. 2.) [29 NYS3d 436]—

Appeals from two orders of fact-finding and disposition of the Family Court, Queens County (Carol Stokinger, J.) (one as to each child), both dated December 19, 2014. The orders, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and the petitioner, SCO Family of Services, for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

SCO Family of Services (hereinafter the petitioner) petitioned pursuant to Social Services Law § 384-b to terminate the mother's parental rights with respect to the subject children on

the ground of permanent neglect. In two orders of fact-finding and disposition, both dated December 19, 2014, made after fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the subject children and terminated her parental rights. The mother appeals.

The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and the subject children (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]; *Matter of Giavanna M. [Cynthia M.-B.]*, 133 AD3d 760 [2015]). These efforts included meeting with her to review her service plan, discussing the importance of compliance, providing referrals for parenting classes, mental health evaluations and housing, and scheduling weekly visitation with the children (*see Matter of Mercedes R.B. [Heather C.]*, 130 AD3d 1022, 1023 [2015]; *Matter of Ariana N.T. [Ana D.]*, 121 AD3d 1009, 1010 [2014]). Despite these efforts, the mother failed to plan for the future of the children (*see Matter of Jahira N.D. [Shaniqua S.S.]*, 111 AD3d 826, 827 [2013]; *Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d 543, 544 [2013]). The mother's partial and belated compliance with the service plan was insufficient to preclude a finding of permanent neglect (*see Matter of Nay'amya W.R. [Kiara D.]*, 135 AD3d 770, 771 [2016]; *Matter of James T.L. [Robert L.]*, 133 AD3d 759, 760 [2015]; *Matter of Kayla S.-G. [David G.]*, 125 AD3d 980, 981 [2015]; *Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d 778, 779 [2014]). Accordingly, the Family Court properly found that the mother had permanently neglected the subject children.

The Family Court also properly determined that it was in the children's best interests to terminate the mother's parental rights, rather than to enter a suspended judgment, and to free the children for adoption by the foster mother (*see* Family Ct Act § 631; *Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 430-431 [2012]; *Matter of Devon D.T. [Davina T.]*, 135 AD3d 947 [2016]; *Matter of Aaliyah L.C. [Jamie A.]*, 128 AD3d 955, 956 [2015]).

The Family Court providently exercised its discretion in denying the application of the mother's attorney to adjourn the continued fact-finding hearing upon the mother's failure to appear. The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *Matter of Madison B. [Daniel B.]*, 123 AD3d 1027, 1028 [2014]; *Matter of Kinara C. [Jerome C.]*, 89 AD3d 839, 841 [2011]). In making such a

determination, the court must undertake a balanced consideration of all relevant factors (*see Matter of Sacks v Abraham*, 114 AD3d 799, 800 [2014]; *Matter of Latrell S. [Christine K.]*, 80 AD3d 618, 619 [2011]). In this case, since the mother had already been granted numerous adjournments and she had not contacted her attorney to advise him regarding her failure to appear, it was not an improvident exercise of discretion for the Family Court to deny the request for another adjournment (*see Matter of Evelyn R. [Franklin R.]*, 117 AD3d 957 [2014]; *Matter of Angie N.W. [Melvin A.W.]*, 107 AD3d 907, 908-909 [2013]; *Matter of Sanaia L. [Corey W.]*, 75 AD3d 554, 554-555 [2010]).

Finally, the Family Court providently exercised its discretion in denying the mother's request for the assignment of new counsel prior to the commencement of the dispositional hearing. Where, as here, an indigent party has a constitutional right to assigned counsel (*see* Family Ct Act § 262 [a] [iv]), " 'this entitlement does not encompass the right to counsel of one's own choosing' " (*Matter of Wiley v Musabyemariya*, 118 AD3d 898, 900 [2014], quoting *People v Porto*, 16 NY3d 93, 99 [2010]; *see People v Sides*, 75 NY2d 822, 824 [1990]; *People v Sawyer*, 57 NY2d 12, 18-19 [1982]). An indigent party is entitled to new assigned counsel only upon a showing of good cause for substitution (*see People v Sides*, 75 NY2d at 824; *Matter of Wiley v Musabyemariya*, 118 AD3d at 900). Here, the Family Court properly determined that there was no good cause shown for substitution (*see Matter of Zulme v Maehrlein*, 133 AD3d 608, 609 [2015]; *Matter of Munoz v Edmonds-Munoz*, 123 AD3d 1038, 1039 [2014]; *Matter of Wiley v Musabyemariya*, 118 AD3d at 901). Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.