■ In the Matter of HIMALLAY M.F.G. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHERRY A.G., Also Known as CHERRYAM G., Appellant. [35 NYS3d 259]—

Appeal from an order of fact-finding and disposition of the Family Court, Westchester County (Michelle I. Schauer, J.), dated April 8, 2015. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the Westchester County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Westchester County Department of Social Services (hereinafter the agency) filed a petition seeking to terminate the mother's parental rights to the subject child on the ground of permanent neglect (see Social Services Law § 384-b [3] [b]). Following fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the child, terminated her parental rights, and transferred guardianship and custody of the child to the agency for the purpose of adoption.

The Family Court properly found that the agency established by clear and convincing evidence that it made diligent efforts to reunite the mother with the child by providing an array of services, including therapy, parenting skills classes, domestic violence counseling, and visitation, but that the mother failed to successfully deal with the issues that prevented reunification (see Social Services Law § 384-b [7] [a]; Matter of Omarie S.B. [Evan J.], 137 AD3d 902 [2016]; Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723 [2014]). Moreover, the court properly determined that termination of the mother's parental rights, rather than entry of a suspended judgment, was in the child's best interests (see Matter of Omarie S.B. [Evan J.], 137 AD3d at 904).

The mother's contention that the Family Court should have considered whether to direct visitation between the subject child and several of the child's siblings is not properly before this Court, as it is raised for the first time on appeal. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.