◼ In the Matter of VAUGHN M.S., Also Known as VAUGHN S. LUTHERAN SOCIAL SERVICES OF NEW YORK, Respondent; PATRICIA C.S., Also Known as PATRICIA S., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of DIVINE A.S. LUTHERAN SOCIAL SERVICES OF NEW YORK, Respondent; PATRICIA C.S., Also Known as PATRICIA S., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of DIAVION C.S. LUTHERAN SOCIAL SERVICES OF NEW YORK, Respondent; PATRICIA C.S., Also Known as PATRICIA S., Appellant, et al., Respondent. (Proceeding No. 3.) [40 NYS3d 533]—

Appeals by the mother from three orders of fact-finding and disposition of the Family Court, Richmond County (Karen Wolff, J.) (one as to each child), each dated June 4, 2015. The orders, after fact-finding and dispositional hearings, determined that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and the petitioner, Lutheran Social Services of New York, for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The petitioner, Lutheran Social Services of New York, filed three petitions, one as to each of the subject children, pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate the mother's parental rights on the ground of permanent neglect. In the three orders of fact-finding and disposition appealed from, made after fact-finding and dispositional hearings, the Family Court found that the mother had permanently neglected the children, terminated her parental rights, and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.

The Family Court properly found that the mother permanently neglected the subject children. The petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the parental relationship by facilitating weekly visitation with the children, providing several referrals to mental health programs, encouraging the mother to participate in mental health treatment and to comply with random drug testing, emphasizing the importance of compliance with the service plan, and informing her of the children's progress in services (see Social Services Law § 384-b [7]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429 [2012]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Daniel K.L. [Shaquanna L.], 138 AD3d 743, 744 [2016]). Despite these efforts, the mother failed to plan for the children's future by failing to participate in mental health services, comply with the required drug screenings, and maintain consistent and appropriate visitation with the children (see Social Services Law § 384-b [7] [c]; Matter of Nathaniel T., 67 NY2d 838, 842 [1986]; Matter of Daniel K.L. [Shaquanna L.],

138 AD3d at 744; *Matter of Mercedes R.B. [Heather C.]*, 130 AD3d 1022, 1023 [2015]).

The Family Court also properly determined that it was in the best interests of the children to terminate the mother's parental rights and to free the children for adoption, rather than to enter a suspended judgment (*see* Family Ct Act § 631; *Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d at 430-431; *Matter of Star Leslie W.*, 63 NY2d at 148; *Matter of Devon D.T. [Davina T.]*, 135 AD3d 947, 948 [2016]). Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.