█ In the Matter of ARI W.-N.T. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELA T., Appellant. [45 NYS3d 194]—

Appeal by the mother from an order of disposition of the Family Court, Westchester County (Maryanne Scattaretico Naber, J.), entered June 12, 2015. The order, after a dispositional hearing, terminated the mother's parental rights and transferred guardianship and custody of the subject child to the maternal aunt for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

In 2008, the subject child was placed with her maternal aunt pursuant to Family Court Act § 1055. In 2010, the Westchester County Department of Social Services (hereinafter the agency) filed a petition to terminate the mother's parental rights. In 2012, after a hearing, a finding of permanent neglect was made against the mother. Thereafter, a dispositional hearing was held, but the mother's attorney passed away before the hearing could be concluded. A de novo dispositional hearing was conducted in 2013 and 2014, at which the agency presented evidence that the mother failed to comply with the court-ordered services and counseling required in order for reunification to occur. The Family Court determined that it was in the child's best interests to remain with her aunt for the purpose

of adoption, and accordingly terminated the mother's parental rights. The mother appeals.

Giving deference to the Family Court's credibility determinations (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]), the record supports a finding that the mother failed to comply with the requirements necessary for reunification (*see Matter of Christyn Ann D.*, 26 AD3d 491 [2006]). In addition, there was evidence here that the child had bonded strongly with her maternal aunt, with whom she had resided for approximately five years (*see Matter of "Baby Boy" E.*, 42 AD3d 536 [2007]). Accordingly, the evidence at the hearing established that the child's best interests would be served by terminating the mother's parental rights and freeing the child for adoption by her aunt (*see* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147 [1984]; *Matter of William E.P. [Monasha A.B.]*, 137 AD3d 918 [2016]).

The mother's remaining contention regarding due process is without merit (*see Matter of Vanessa F.*, 9 AD3d 464 [2004]). Hall, J.P., Cohen, Duffy and Connolly, JJ., concur.