In the Matter of DESTINY A.K. SCO FAMILY OF SERVICES et al., Respondents; BARBARA M., Appellant. [46 NYS3d 179]—

Appeal by the mother from an order of disposition of the Family Court, Queens County (Maria Arias, J.), dated February 23, 2015. The order, after a dispositional hearing, terminated the mother's parental rights and transferred custody and guardianship of the subject child to SCO Family Services for the purpose of adoption. The appeal from the order of disposition brings up for review an order of fact-finding of that court dated February 28, 2012, which, after a fact-finding hearing, found that the mother permanently neglected the subject child.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly found that she permanently neglected the subject child. The petitioner established by clear and convincing evidence that it made diligent efforts to assist the mother in maintaining contact with the child and planning for the child's future (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]; *Matter of Beyonce H. [Baranaca H.]*, 85 AD3d 1168, 1169 [2011]). These efforts included facilitating visitation, providing the mother with referrals for drug treatment programs and mental health evaluations, advising the mother of the need for her to attend and complete such programs, and advising the mother how to secure adequate housing for herself and the child (*see Matter of Giavanna M. [Cynthia M.-B.]*, 133 AD3d 760, 760-761 [2015]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032, 1033 [2010]; *Matter of Arthur C.*, 66 AD3d 1009, 1011 [2009]; *Matter of Danielle Joy K.*, 60 AD3d 948, 949 [2009]). Despite the petitioner's diligent efforts, the mother failed to substantially and repeatedly maintain contact with or plan for the future of the child (*see* Social Services Law § 384-b [7]; *Matter of Janaesha J.E. [Monasha A.B.]*, 137 AD3d 908, 909 [2016]). In particular, the mother missed numerous supervised visitations with the child and failed to correct issues preventing reunification, such as her anger management problem, her inability to maintain an income, and her lack of appreciation for the child's special needs (*see Matter of Janaesha J.E. [Monasha A.B.]*, 137 AD3d at 909; *Matter of Sorin P.*, 58 AD3d 743, 744 [2009]; *Matter of Ray A.*, 30 AD3d 410, 411 [2006]).

The Family Court also properly determined that it was in the child's best interests to terminate the mother's parental rights and free the child for adoption by her foster mother (*see*

*Matter of Jordan E.G.L. [Christina D.L.],* 108 AD3d 546, 547 [2013]; *Matter of Todd Andre'D. [Kenyetta L.],* 88 AD3d 876, 876 [2011]). Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.