Appeal by the mother from an order of fact-finding and disposition of the Family Court, Kings County (llana Grubel, J.), dated June 14, 2016. The order, after fact-finding and disposi-tional hearings, found that the mother was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject child and that the mother permanently neglected the child, terminated her parental rights, and, in effect, transferred custody and guardianship of the child to the Commissioner of the Administration for Children’s Services of the City of New York and New York Foundling Hospital for the purpose of adoption.
 

 Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
 

 The petitioner commenced this proceeding to terminate the mother’s parental rights to the subject child. After a fact-finding hearing, the Family Court determined that the mother was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the child, and, additionally, that the mother permanently neglected the child. On those bases, after a dispositional hearing, the court terminated the mother’s parental rights, and, in effect, transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children’s Services of the City of New York for the purpose of adoption. The mother appeals.
 

 Contrary to the mother’s contention, the petitioner demonstrated, by clear and convincing evidence, that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child (see Social Services Law § 384-b [4] [c]; see Matter of Divinity I.H. [George T.J.], 133 AD3d 601, 601-602 [2015]; Matter of Tyler M.J. [Adrianna J.], 104 AD3d 768, 768-769 [2013]; Matter of B. Mc. [Dawn Mc.], 99 AD3d 713, 713-714 [2012]). The record reveals a long history of symptomatic mental illness and recurrent hospitalizations. The court-appointed psychologist testified that the mother suffers from schizoaffective disorder, bipolar type, and opined that if the child were returned to the mother, he would be at risk of being neglected in the present and in the foreseeable future. This conclusion was based upon disturbances in the mother’s thinking, feeling, behavior, and judgment due to her mental illness, her inability over a protracted period to consistently comply with treatment, her inability to “function independently in terms of self-care,” such as by maintaining housing or an income, and her inability to provide stability and safety to the child.
 

 The petitioner further demonstrated, by clear and convincing evidence, that the mother permanently neglected the child. “To establish that a parent has permanently neglected a child, an agency must establish by clear and convincing evidence that, for a period of one year following the child’s placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency’s diligent efforts to encourage and strengthen the parent-child relationship” (Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 894 [2016]; see Social Services Law § 384-b [4], [7] [a]; Matter of Lierre J.M. [Melissa L.D.], 150 AD3d 1009, 1010 [2017]). Contrary to the mother’s contention, the petitioner made diligent efforts to assist the mother in maintaining contact with the child and planning for the child’s future, including by facilitating visitation, repeatedly providing the mother with referrals for drug treatment programs and mental health evaluations, and advising the mother of her need to attend and complete such programs and of the consequences of her failure to do so (see Matter of Lierre J.M. [Melissa L.D.], 150 AD3d at 1010; Matter of Destiny A.K. [Barbara M.], 147 AD3d 758, 759 [2017]; Matter of Elijah M.A. [Mohammed A.], 135 AD3d 744, 746 [2016]). Despite the petitioner’s diligent efforts, the mother failed to adequately plan for the child’s future, by, most significantly, failing to address her mental health and substance abuse issues (see e.g. Matter of Vaughn M.S. [Patricia C.S.], 144 AD3d 811, 812 [2016]; Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022, 1023 [2015]; Matter of Nicholas A.N. [Youvonne N.], 124 AD3d 896, 898 [2015]).
 

 The mother’s remaining contentions are without merit.
 

 Balkin, J.P., Austin, Sgroi and Brathwaite Nelson, JJ., concur.