Matter of Abigail M.-W. (Yaiesha M.) (2018 NY Slip Op 05166)





Matter of Abigail M.-W. (Yaiesha M.)


2018 NY Slip Op 05166


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-08234
 (Docket Nos. B-4084/14, B-4085/14, B-3159/16)

[*1]In the Matter of Abigail M.-W. (Anonymous). New York Foundling Hospital, petitioner-respondent; Yaiesha M. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Isaiah M.-W. (Anonymous). New York Foundling Hospital, petitioner-respondent; Yaiesha M. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Adam M.-W. (Anonymous). New York Foundling Hospital, petitioner-respondent; Yaiesha M. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 3)


Daniel E. Lubetsky, Jamaica, NY, for respondent-appellant.
Daniel Gartenstein, Long Island City, NY, for petitioner-respondent.
Daniel P. Moskowitz, Jamaica, NY, attorney for the children.



DECISION & ORDER
In three related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated July 19, 2017. The order, insofar as appealed from, after a fact-finding hearing, found that the mother was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject children, and terminated her parental rights.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings, inter alia, to terminate the mother's parental rights as to the three subject children. After a fact-finding hearing, the Family Court found that the mother is presently and for the foreseeable future unable by reason of mental illness to care for the children, and terminated her parental rights.
Contrary to the mother's contention, the petitioner met its burden of proof on the petitions (see Social Services Law § 384-b[4][c]). The petitioner presented the uncontroverted testimony of its expert psychologist, who, after interviewing the mother twice and reviewing her extensive mental health records, diagnosed the mother with paranoid schizophrenia, and testified that, due to her mental illness, the children would be in danger of becoming neglected presently and in the foreseeable future if they were returned to her care. The expert opined that the mother suffered from poor contact with reality, illogical thinking, delusions, and extreme egocentricity, which would prevent her from assessing and responding to the children's needs. Further, the record demonstrated that the mother had limited insight into her condition and had failed to consistently take her medication, resulting in hospitalizations and an arrest. Accordingly, we agree with the Family Court's finding that the petitioner demonstrated, by clear and convincing evidence, that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the children, warranting the termination of her parental rights (see Social Services Law § 384-b[4][c]; Matter of Nazeral C.S. [Christine S.], 155 AD3d 872, 873; Matter of Eliyah I.M. [Angel C.M.], 154 AD3d 696; Matter of Tyler M.J. [Adrianna J.], 104 AD3d 768).
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court