Matter of Irene A (2023 NY Slip Op 01289)

Matter of Irene A

2023 NY Slip Op 01289

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-09364
2019-09366
 (Index No. 30798/13)

[*1]In the Matter of Irene A. (Anonymous), respondent. Edward F. Cunningham, et al., petitioners-respondents; Fidelity and Deposit Company of Maryland, et al., appellants; Terry E. Scheiner, respondent-respondent.

William R. Mait, PLLC, New York, NY, for appellant Fidelity and Deposit Company of Maryland.
Seltzer Sussman Heitner LLP, Jericho, NY (Brian R. Heitner and Christine M. Wallace of counsel), for appellant Lynne Vaughan.
Yonatan S. Levoritz, New York, NY, for respondent.
Farrell Fritz, P.C., Uniondale, NY (James W. Wicks and Robert M. Harper of counsel), for petitioner-respondent Edward F. Cunningham.
Michael P. Biancanello, Lynbrook, NY, for petitioner-respondent Steven A.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, Fidelity and Deposit Company of Maryland and Lynne Vaughan separately appeal from (1) a corrected order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered June 14, 2019, and (2) an order of the same court also entered June 14, 2019. The corrected order, insofar as appealed from, after a hearing, granted those branches of the separate petitions of Edward F. Cunningham and Steven A. which were to hold Lynne Vaughan personally liable for the costs incurred by each of them in connection with the proceeding to remove Lynne Vaughan as guardian for Irene A., directed Lynne Vaughan to pay fees in the sums of $10,010 to the attorney for Irene A., $98,953.50 to the attorney for Steven A., $12,008 to Edward F. Cunningham, and $2,975 to Terry E. Scheiner, and directed that Fidelity and Deposit Company of Maryland would be responsible for the payment of those fees, as surety, if Lynne Vaughan did not pay the fees within a specified time period. The order, insofar as appealed from, directed Lynne Vaughan to pay fees in the sum of $12,161.44 to Edward F. Cunningham and directed that Fidelity and Deposit Company of Maryland would be responsible for the payment of those fees, as surety, if Lynne Vaughan did not pay the fees within a specified time period.
ORDERED that the corrected order is modified, on the facts and in the exercise of discretion, (1) by deleting the provisions thereof granting that branch of the petition of Steven A. which was to hold Lynne Vaughan personally liable for the costs incurred by Steven A. in connection with the proceeding to remove Lynne Vaughan as guardian for Irene A. and directing Lynne [*2]Vaughan to pay fees in the sum of $98,953.50 to the attorney for Steven A., and substituting therefor a provision denying that branch of the petition of Steven A., and (2) by deleting the provision thereof directing Lynne Vaughan to pay fees in the sums of $10,010 to the attorney for Irene A. and $12,008 to Edward F. Cunningham; as so modified, the corrected order is affirmed insofar as appealed from, so much of the order as directed Lynne Vaughan to pay fees in the sum of $12,161.44 to Edward F. Cunningham is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the reasonable fees of the attorney for Irene A. and Edward F. Cunningham as they relate only to the fees associated with the removal of Lynne Vaughan as guardian for Irene A.; and it is further,
ORDERED that the appeals from so much of the order as directed Lynne Vaughan to pay fees in the sum of $12,161.44 to Edward F. Cunningham are dismissed as academic in light of our determination on the appeals from the corrected order; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to Lynne Vaughan payable by Edward F. Cunningham and Steven A.
In 2013, this proceeding was commenced pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Irene A. The Supreme Court determined that Irene A. was a person in need of a guardian, and in a judgment dated December 10, 2014, Lynne Vaughan was appointed as the guardian of the person and property of Irene A. The court set a bond at $200,000, and Vaughan filed a bond in that sum issued by Fidelity and Deposit Company of Maryland (hereinafter Fidelity) as surety.
In April 2018, the court examiner, Edward F. Cunningham, filed a petition, inter alia, to remove Vaughan as guardian and to hold Vaughan personally liable for the costs of the removal proceeding. In May 2018, Steven A., Irene A.'s son, filed a petition, among other things, to remove Vaughan as guardian, to hold Vaughan personally liable for the costs of the removal proceeding, and to appoint him as successor guardian. Vaughan then moved, inter alia, to resign as guardian.
The Supreme Court held a hearing on the issue of whether Vaughan should be permitted to resign or should instead be removed for cause. Following the hearing, in a corrected order entered June 14, 2019, the court, inter alia, determined that Vaughan should be removed for cause, granted those branches of the petitions of Cunningham and Steven A. which were to hold Vaughan personally liable for the costs of the removal proceeding, and directed Vaughan to pay fees in the sums of $10,010 to Irene A.'s attorney, $98,953.50 to Steven A.'s attorney, $12,008 to Cunningham, and $2,975 to the court evaluator, Terry E. Scheiner. The court also directed that Fidelity would be responsible for the payment of those fees, as surety, if Vaughan did not pay the fees by July 15, 2019. In a separate order also entered June 14, 2019, the court, inter alia, settled the final accounting of Vaughan as guardian, directed Vaughan to pay fees in the sum of $12,161.44 to Cunningham, and directed that Fidelity would be responsible for the payment of those fees, as surety, if Vaughan did not pay the fees by July 15, 2019. Fidelity and Vaughan separately appeal from the corrected order and the order.
The Supreme Court properly surcharged Vaughan with certain fees that arose from the proceeding to remove her as guardian. Mental Hygiene Law § 81.35 provides that a court may fix the compensation of any attorney or person prosecuting a motion to remove a guardian and "may compel the guardian to pay personally the costs of the motion if granted." Vaughan did not dispute that she failed to properly execute her duties as Irene A.'s guardian, as, during the hearing, she admitted to many of her shortcomings, including her failure to file reports. However, Mental Hygiene Law § 81.33(e) provides that, upon approval of the final accounting, "[t]he compensation of the referee and of counsel shall be fixed by the court and shall be payable out of the estate of the incapacitated person unless it is determined that the incapacitated person is indigent." Accordingly, Vaughan should be surcharged only for those portions of the fees that relate to the removal proceeding, not those relating to the review of the final accounting or the appointment of a successor [*3]guardian (see Mental Hygiene Law §§ 81.33[e]; 81.35). Since Scheiner's fees were properly itemized, the court properly surcharged Vaughan in the sum of $2,975 for Scheiner's fees. However, since Cunningham's fees were not so itemized, the matter must be remitted to the Supreme Court, Nassau County, for a hearing to determine his reasonable fees relating only to the removal proceeding.
"Generally speaking, the Supreme Court has broad discretion in determining the reasonable amount to award as an attorney's fee in a guardianship proceeding" (Matter of Alice D. [Lupoli], 113 AD3d 609, 613). "However, it must provide a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; (2) the attorney's experience, ability, and reputation; (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services; (4) the fees awarded in similar cases; (5) the contingency or certainty of compensation; (6) the results obtained, and (7) the responsibility involved" (Matter of Lillian A., 56 AD3d 767, 768). "In the absence of a stipulation that an award of counsel fees can be made solely on the basis of the affirmations of counsel, an evidentiary hearing is required so that the court may test the claims of [an] attorney regarding the extent and value of her [or his] services" (Nee v Nee, 240 AD2d 478, 479).
Here, the Supreme Court failed either to explain its reasoning for the fees awarded to Irene A.'s attorney with reference to the enumerated factors, or to differentiate between the fees relating to the removal of the guardian and the fees relating to appointing a successor guardian. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing to determine the reasonable fees of Irene A's attorney relating only to the removal of Vaughan as guardian for Irene A.
While it was not an improvident exercise of discretion to surcharge Vaughan with fees relating to the proceeding to remove her as guardian, the record indicates that the fees for Steven A.'s attorney were redundant and unreasonable. As Cunningham had already petitioned to remove Vaughan as guardian and proffered sufficient evidence that she had not fulfilled her duties, it was duplicative for Steven A. to petition for the same relief. Similarly, inasmuch as Steven A. needed to petition to be appointed as Irene A.'s successor guardian, Vaughan is not responsible for the attorneys' fees required to do so. Further, a review of the record indicates that the sums billed by Steven A.'s attorney were excessive. Accordingly, the Supreme Court erred in directing Vaughan to pay fees to Steven A.'s attorney.
"Suretyship arises only by express contract of the parties" (Matter of Camarda, 103 Misc 2d 362, 364 [Sur Ct, Onondaga County]). "The terms of the contract are given their ordinary and usual meaning and nothing is to be read into the contract that is not implicit in the language used by the parties" (id. at 364). Within the ordinary and usual meaning of the terms of the bond at issue, Fidelity is responsible, as surety, for Scheiner's fees, as well as any fees awarded to Cunningham and the attorney for Irene A. after a hearing.
Vaughan's contention that the removal hearing was improper is not properly before this Court (see Matter of Himallay M.F.G. [Cherry A.G.], 141 AD3d 521, 521).
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court