In the Matter of DESTINY S., a Child Alleged to be Permanently Neglected. HILDA S., Appellant; SAINT DOMINIC's HOME, Respondent. [913 NYS2d 223]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about September 18, 2007, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and committed the custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, affirmed, without costs.

Clear and convincing evidence supports the determination that respondent permanently neglected the child by failing to plan for her future despite the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]). The record shows that the agency formulated a realistic plan that was tailored to respondent's needs and addressed the problems that caused the child's removal. It is undisputed that respondent failed to adhere to the service plan and to submit to drug testing and that she tested positive for illegal drugs during the statutory period (*see Matter of Antonia Mykala P.*, 52 AD3d 224 [2008], *lv denied* 11 NY3d 705 [2008]).

A fair preponderance of the evidence submitted at the dispositional hearing establishes that the best interests of the child will be served by terminating respondent's parental rights so as to facilitate the child's adoption by her foster mother, who

is also her paternal aunt, with whom the child has lived since August 2004 and under whose care she has thrived (*see Matter of Lenny R.*, 22 AD3d 240 [2005], *lv denied* 6 NY3d 708 [2006]). The circumstances do not warrant a suspended judgment.

We have considered respondent's remaining arguments and find them without merit. Concur—Saxe, J.P., Nardelli, Freedman and Abdus-Salaam, JJ.

McGuire, J., dissents in a memorandum as follows: In finding that the allegation of permanent neglect had been proved, Family Court stressed that appellant "failed to complete substance abuse treatment, which was the lynchpin of her service plan, and failed to remain drug free." Appellant's daughter, who was then 7½ years old, came into the care of petitioner Administration for Children's Services on August 17, 2004. The child neglect petition was filed on or about December 23, 2005, and it alleged that appellant had failed to plan for the child's future. It is undisputed that following her referral to Odyssey House in August 2004, appellant enrolled in the programs offered, completed an anger management course, enrolled in a mental health program provided by Soundview Mental Health and remained drug free for a substantial portion (from December 2004, and perhaps earlier, through April 2005) of the 16-month period from mid-August 2004 to December 23, 2005. On the other hand, it also is undisputed that appellant then relapsed and failed to follow through with drug testing referrals on eight occasions between June and October of 2005. In June of 2005, appellant admitted that she was "mixing chemicals in Mt. Vernon" for $500 a day.

In relevant part, Social Services Law § 384-b (7) (a) defines a permanently neglected child as one "whose parent or custodian has failed *for a period of more than one year* following the date such child came into the care of an authorized agency *substantially and continuously or repeatedly* to . . . plan for the future of the child" (emphasis added).* In cases in which the lynchpin of a neglect charge is a parent's failure to complete substance abuse treatment, the meaning of the statutory requirement of a failure for more than one year that is "substantial[ ] and continuous[ ] or repeated[ ]" is unclear. If appellant's success in

---

* An amendment to the statute, effective the day before the petition was filed, provides for "a period of either at least one year or fifteen out of the most recent twenty-two months following the date such child came into the care" (L 2005, ch 3, part A, § 57). The parties appear to have litigated this case on the assumption that it is governed by the unamended version of the statute. The parties did not alert us to the amendment and do not base any arguments on it.

staying off drugs for at least four to five months had occurred at the end rather than the beginning of that 16-month period, I think it clear that a neglect finding could not be sustained. I do not mean to suggest, however, that a failure at the end of the period is no more significant than a failure at the beginning. Unquestionably, substance abuse by a parent presents a serious risk of harm to the parent's child. Accordingly, I do not doubt that a parent who is able to stay off drugs for only a brief period or intermittently could claim no immunity from a neglect finding. But given both the reality that those who are attempting to conquer drug addictions face enormous difficulties and the long-standing and fundamental importance of New York's policy in favor of "keeping biological families together" (*Nicholson v Scoppetta*, 3 NY3d 357, 374 [2004] [internal quotation marks and citation omitted]), I would conclude that the statute requires a failure for a more protracted period than the one established here. Determining where the line should be drawn is a job best left to the Court of Appeals. We sometimes must be, and sometimes should be, carpenters rather than architects. For these reasons, I would reverse the permanent neglect finding.