■ In the Matter of OMEA S. and Another, Children Alleged to be Permanently Neglected. WILLIAM S., Appellant; FAMILY SUPPORT SYSTEMS UNLIMITED INC. et al., Respondents. [954 NYS2d 55]—

Orders, Family Court, Bronx County (Anne-Marie Jolly, J.), entered on or about November 21, 2011, which, to the extent appealed from as limited by the briefs, upon a fact-finding determination that respondent-appellant had permanently neglected his children, terminated his parental rights to his son and committed custody and guardianship of that child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The record demonstrates, by clear and convincing evidence, that the agency made diligent efforts to reunite respondent with his children (*see* Social Services Law § 384-b [7] [a], [f]). The agency's records show that the agency met with respondent on a regular basis, discussed his need to complete his service plan and visit the children regularly, and provided him with transportation money. Moreover, respondent acknowledged that the agency had referred him to parenting classes, a drug treatment program, a stress management class and vocational training (*see Matter of Destiny S. [Hilda S.]*, 79 AD3d 666, 666 [1st Dept 2010], *lv denied* 16 NY3d 709 [2011]; *Matter of Terry P.*, 18

AD3d 348 [1st Dept 2005]). Despite the agency's diligent efforts, respondent failed to plan for the future of the children and remedy the problems that led to their placement (*see* Social Services Law § 384-b [7] [c]).

A preponderance of the evidence supports the determination that it is in respondent's son's best interests to terminate respondent's parental rights and free the child for adoption. The child has been living in a two-parent, non-kinship, preadoptive foster home since he entered foster care, and his foster parents wish to adopt him. The agency caseworker testified that the foster parents ensure the child receives all of the services he requires for his special needs. In addition, respondent testified that he believes the child is in "an excellent home" and that he wants him to stay in the foster home, "if anything fail[s]." Given the foregoing and respondent's failure to demonstrate that he has taken sufficient steps to ameliorate the conditions that led to the child's placement, a suspended judgment is not warranted (*see Matter of Jada Dorithah Solay McC. [Crystal Delores McC.]*, 95 AD3d 615, 616 [1st Dept 2012]; *Matter of Kianna Maria L.*, 26 AD3d 166, 166-167 [1st Dept 2006]). Concur—Friedman, J.P., Sweeny, Moskowitz, Freedman and Román, JJ.