██ In the Matter of DIANELYS T.W. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MALIK W., Appellant. (Proceeding No. 1.) In the Matter of MAKEDA W. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MALIK W., Appellant. (Proceeding No. 2.) [994 NYS2d 181]—

In two proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate the father's parental rights on the ground of permanent neglect, the father appeals from two orders of fact-finding and disposition (one as to each child) of the Family Court, Suffolk County (Freundlich, J.), both dated September 9, 2013, which, upon a decision of the same court dated September 6, 2013, made after fact-finding and dispositional hearings, determined that he permanently neglected the subject children, terminated his parental rights, and transferred custody and guardianship of the subject children to the Suffolk County Department of Social Services for the purpose of adoption. The notice of appeal from the decision is deemed to be a notice of appeal from the orders of fact-finding and disposition (*see* CPLR 5512 [a]).

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The Family Court properly determined that there was clear and convincing evidence that the father permanently neglected the subject children by failing, for one year following the children's entrance into foster care, to plan for their return (*see Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d 876 [2011]; *Matter of Kendra D. [Amanda D.]*, 81 AD3d 644 [2011]; *Matter of Wesley F.*, 190 AD2d 576 [1993]). The record establishes that the petitioner made diligent efforts to help the father comply with his service plan, which required him to submit to a mental

health evaluation, to complete a course of psychotherapy, to complete parenting skills training, to complete a domestic violence program, and to maintain regular visits with one of the children. The record establishes that at the time of the filing of the petition, the father still had not had a mental health evaluation completed and had not completed the required psychotherapy. The Family Court properly determined that termination of the father's parental rights was in the children's best interests (*see Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d at 876; *Matter of Kendra D. [Amanda D.]*, 81 AD3d at 644; *Matter of Shawna DD.*, 289 AD2d 892, 894 [2001]). Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.