■ In the Matter of KAYDANCE H.G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARMEN M., Appellant. [995 NYS2d 601]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals (1) from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated October 1, 2013, which, after fact-finding and dispositional hearings, inter alia, found that she permanently neglected the child and transferred guardianship and custody of the child to the Suffolk County Department of Social Services for the purpose of adoption, and (2) an order of the same court dated October 7,

2013, which, after fact-finding and dispositional hearings, inter alia, terminated her parental rights.

Ordered that the orders are affirmed, without costs or disbursements.

The Family Court properly determined, based on clear and convincing evidence, that the mother permanently neglected the subject child by failing, for one year following the child's placement into foster care, to plan for her return (*see Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d 876 [2011]; *Matter of Kendra D. [Amanda D.]*, 81 AD3d 644 [2011]; *Matter of Wesley F.*, 190 AD2d 576 [1993]). The evidence at that fact-finding hearing established that the petitioner made diligent efforts to help the mother comply with her service plan. At the time the instant petition was filed, the mother still had not found suitable housing or planned for the return of the child. The court also properly determined that termination of the mother's parental rights was in the child's best interests (*see Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d at 876; *Matter of Kendra D. [Amanda D.]*, 81 AD3d at 645; *Matter of Shawna DD.*, 289 AD2d 892, 894 [2001]).

Contrary to the mother's contention, she was afforded the effective assistance of counsel in the Family Court (*see Matter of Darrell W. [Tenika C.]*, 110 AD3d 1088 [2013]; *Matter of Dylan Mc. [Michelle M. Mc.]*, 105 AD3d 1049 [2013]).

The mother's remaining contentions are without merit. Eng, P.J., Dillon, Duffy and Barros, JJ., concur.