■ In the Matter of ANGEL M.R.J. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RACHEL R. et al., Appellants. (Proceeding No. 1.) In the Matter of TEYANA N.W. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RACHEL R., Appellant. (Proceeding No. 2.) [1 NYS3d 347]—

Appeals from two orders of fact-finding and disposition of the Family Court, Suffolk County (Richard Hoffman, J.), both dated July 29, 2013. The orders, after fact-finding and dispositional hearings, found that Rachel R. permanently neglected the subject children, Angel M.R.J. and Teyana N.W., found that Obadiah J. permanently neglected Angel M.R.J., terminated Rachel R.'s parental rights with respect to the subject children, terminated Obadiah J.'s parental rights with respect to Angel M.R.J., and transferred the guardianship and custody of the subject children to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The appellant Rachel R. is the mother of the subject children, Angel M.R.J. and Teyana N.W. The appellant Obadiah J. is the father of Angel M.R.J.

The Family Court properly determined, based on clear and convincing evidence, that the appellant Rachel R. (hereinafter the mother) permanently neglected the subject children by failing to plan for their return during the four-year period follow-

ing their placement into foster care (*see Matter of Kaydance H.G. [Carmen M.]*, 122 AD3d 630 [2014]; *Matter of Dianelys T.W. [Malik W.]*, 121 AD3d 801, 801 [2014]; *Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d 876, 876 [2011]). The record demonstrates that the petitioner made diligent efforts to help the mother comply with her service plan, which required her to, inter alia, complete a course of psychotherapy and attend substance abuse therapy. The record establishes that, at the time of the filing of the petitions, the mother had yet to complete either a course of psychotherapy or substance abuse therapy.

The Family Court also properly determined, based on clear and convincing evidence, that the appellant Obadiah J. (hereinafter the father) permanently neglected Angel M.R.J. by failing to plan for that child's return following his placement into foster care (*see Matter of Kaydance H.G. [Carmen M.]*, 122 AD3d at 630; *Matter of Dianelys T.W. [Malik W.]*, 121 AD3d at 801; *Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d at 876). The record establishes that the petitioner made diligent efforts to assist the father with complying with his service plan, which required him to regularly visit the child and to file for custody. Although the petitioner repeatedly counseled the father on how to file for custody, he did not file his custody petition until after the termination petition was filed. The record further establishes that, during the pendency of the termination proceeding, the father pleaded guilty to a felony drug crime and was awaiting sentencing by a drug diversion court.

In light of the mother's failure to complete the required programs and the father's impending sentencing, the Family Court properly denied the application for a suspended judgment (*see Matter of Sean P.H. [Rosemarie H.]*, 122 AD3d 850 [2014]).

The Family Court also properly determined that termination of the parental rights of both the mother and the father was in the children's best interests (*see Matter of Kaydance H.G. [Carmen M.]*, 122 AD3d at 630; *Matter of Dianelys T.W. [Malik W.]*, 121 AD3d at 801; *Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d at 876; *Matter of Kendra D. [Amanda D.]*, 81 AD3d 644, 644 [2011]). Rivera, J.P., Hall, Austin and Cohen, JJ., concur.