■ In the Matter of Maximus K.B. Suffolk County Department of Social Services, Respondent; Orlando B., Appellant. (Proceeding No. 1.) In the Matter of Jaslene N.B. Suffolk County Department of Social Services, Respondent; Orlando B., Appellant. (Proceeding No. 2.) [12 NYS3d 188]—

Appeals from two orders of fact-finding and disposition of the

Family Court, Suffolk County (Richard Hoffmann, J.) (one as to each child), both dated February 19, 2014. The orders, after fact-finding and dispositional hearings, found that the father permanently neglected the subject children, terminated his parental rights, and transferred guardianship and custody of the subject children to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The Family Court correctly determined, based on clear and convincing evidence, that the father permanently neglected the subject children (*see* Social Services Law § 384-b [7]). The petitioner demonstrated at the fact-finding hearing that, both prior to and during the father's multiple incarcerations, the petitioner made diligent efforts to encourage and strengthen the parental relationship and to assist the father in maintaining contact with the children by facilitating visitation and planning for their future (*see Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]; *Matter of Sheila G.*, 61 NY2d 368, 380-381 [1984]). Despite the petitioner's efforts, the father failed to plan for the children's future by failing to comply with his service plan, which required him to complete a substance abuse program, to complete an anger management program, and to obtain suitable housing. Thus, the Family Court properly determined that the father permanently neglected the subject children by failing to plan for their return during the almost two-year period following their placement into foster care and in failing to substantially and continuously maintain contact with them (*see Matter of Angel M.R.J. [Rachel R.]*, 124 AD3d 657 [2015]; *Matter of Kaydance H.G. [Carmen M.]*, 122 AD3d 630 [2014]; *Matter of Dianelys T.W. [Malik W.]*, 121 AD3d 801, 801 [2014]; *Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d 876, 876 [2011]).

After a finding of permanent neglect has been made, the Family Court must render a disposition based upon the best interests of the child (*see* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d at 147-148). Here, a preponderance of the evidence supports the determination that it was in the best interests of the subject children to terminate the parental rights of the father rather than issue a suspended judgment, and free them for adoption by their foster parents (*see Matter of Zachi D.D. [Jeffrey D.]*, 124 AD3d 776, 777 [2015]; *Matter of Ashley D.W. [Marcus W.]*, 124 AD3d 670 [2015]; *Matter of Angel M.R.J. [Rachel R.]*, 124 AD3d at 658; *Matter of Yamilette M.G. [Marlene M.]*, 118 AD3d 698, 700 [2014]; *Matter of Angel R.F.*

*[Nicholas F.]*, 114 AD3d 781, 782 [2014]). Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.