■ In the Matter of NAY'AMYA W.R. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIARA D., Appellant. [24 NYS3d 120]—

Appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (David Freundlich, J.), dated September 5, 2014. The order, after fact-finding and dispositional hearings, determined that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that order of fact-finding and disposition is affirmed, without costs or disbursements.

In April 2014, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b, alleging that the mother permanently neglected the subject child. After fact-finding and dispositional hearings, the Family Court determined that the mother permanently neglected the child, terminated her parental rights, and freed the child for adoption by the foster mother. The mother appeals.

The petitioner established, by clear and convincing evidence, that it exercised diligent efforts to strengthen the parent-child relationship by, inter alia, scheduling visits between the mother and the child, providing referrals for court-ordered programs, and advising the mother of the importance of complying with

the court's directives (*see Matter of Angel M.R.J. [Rachel R.]*, 124 AD3d 657 [2015]; *Matter of Kaydance H.G. [Carmen M.]*, 122 AD3d 630 [2014]; *Matter of Dianelys T.W. [Malik W.]*, 121 AD3d 801 [2014]). Despite these efforts, the mother failed to plan for the return of the child by not regularly attending the individual therapy and therapeutic visitation with the child, which was recommended in the forensic parenting evaluation with which the mother was required to comply (*see Matter of Angel M.R.J. [Rachel R.]*, 124 AD3d 657 [2015]; *Matter of Kaydance H.G. [Carmen M.]*, 122 AD3d 630 [2014]; *Matter of Amonte M. [Mary M.]*, 112 AD3d 937 [2013]; *Matter of Neal TT. [Deborah UU.]*, 97 AD3d 869 [2012]). Although the mother completed several of the required programs, she never obtained safe and suitable housing for her and the child. Partial compliance with the court-ordered programs is insufficient to preclude a finding of permanent neglect (*see Matter of Kaydance H.G. [Carmen M.]*, 122 AD3d 630 [2014]; *Matter of Amonte M. [Mary M.]*, 112 AD3d 937 [2013]; *Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d 729, 731 [2012]). Accordingly, the Family Court properly determined that the mother had permanently neglected the subject child.

The Family Court also properly determined that it was in the child's best interests to terminate the mother's parental rights, rather than to enter a suspended judgment, and to free the child for adoption by the foster mother (*see* Family Ct Act § 631; *Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *Matter of Yamilette M.G. [Marlene M.]*, 118 AD3d 698, 700 [2014]; *Matter of Jalil U. [Rachel L.-U.]*, 103 AD3d 658, 659 [2013]; *Matter of Violetta K. v Mary K.*, 306 AD2d 480 [2003]). Chambers, J.P., Hall, Austin and Barros, JJ., concur.