■ In the Matter of TRACY B. and Another, Infants. CARLTON B., JR., Appellant; JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent. [38 NYS3d 558]—

Orders of disposition, Family Court, New York County (Stewart Weinstein, J.), entered on or about March 24, 2015, which, to the extent appealed from, upon a finding of permanent neglect, terminated the father's parental rights to the subject children Tracy B. and Myah B., and committed custody of the children to the Jewish Child Care Association and the Commissioner of the Administration for Children's Services for purposes of adoption, unanimously affirmed, without costs.

By devising an appropriate service plan, providing numerous referrals for random drug tests, regularly scheduling visitation between the father and the children, providing the father with transportation funds to ensure his attendance at visits and drug screening appointments, notifying him of the children's medical appointments, and counseling him as to the importance of complying with the service plan, the agency expended the requisite diligent efforts to reunite the father with his daughters (see Matter of Essence T.W. [Destinee R.W.], 139 AD3d 403, 404 [1st Dept 2016]; Matter of Jenna Nicole B. [Jennifer Nicole B.], 118 AD3d 628, 629 [1st Dept 2014]; Matter of Jaylin Elia G. [Jessica Enid G.], 115 AD3d 452, 452-453 [1st Dept 2014]).

Despite these efforts, the father failed to substantially and continuously maintain contact with or plan for the future of the children. The father failed to visit the children consistently and did not visit for periods of time, including the five-weeks immediately prior to the dispositional hearing (see Matter of

*Calvario Chase Norall W. [Denise W.]*, 85 AD3d 582, 583 [1st Dept 2011]; *Matter of Aisha C.*, 58 AD3d 471, 472 [1st Dept 2009], *lv denied* 12 NY3d 706 [2009]). Moreover, the father did not comply with the service plan, as he failed to act appropriately at the visits that he attended (*see Matter of Isis M. [Deeanna C.]*, 114 AD3d 480, 480 [1st Dept 2014]), failed to comply with all random drug tests (submitting to less than half of the referrals) (*see Matter of Jenna Nicole B.*, 118 AD3d at 629), failed to complete substance abuse treatment (*id.*), failed to maintain a suitable home (*Matter of Chandel B.*, 61 AD3d 546, 547 [1st Dept 2009]), and failed to attend the children's medical appointments (*see Matter of Isis M.*, 114 AD3d at 481).

A preponderance of the evidence at the dispositional hearing supported the determination that it is in the children's best interests that the father's parental rights be terminated to facilitate adoption by the foster parents, with whom the children have lived since February 2014 and developed close relationships (*see Matter of Alexis Alexandra G. [Brandy H.]*, 134 AD3d 547, 548 [1st Dept 2015]; *Matter of Destiny S. [Hilda S.]*, 79 AD3d 666, 666-667 [1st Dept 2010], *lv denied* 16 NY3d 709 [2011]).

We have reviewed the father's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Acosta, Moskowitz and Gesmer, JJ.