■ In the Matter of JOSEPH P. and Others, Children Alleged to be Permanently Neglected. EDWIN P. et al., Appellants; NEW ALTERNATIVES FOR CHILDREN, INC., Respondent. [39 NYS3d 142]—

Orders of disposition (one for each child), Family Court, New York County (Susan K. Knipps, J.), entered on or about August 17, 2015, which, upon findings of permanent neglect, terminated the respondent parents' parental rights to the subject children and transferred custody of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The findings of permanent neglect are supported by clear and convincing evidence that the agency made diligent efforts to strengthen and encourage the parent-child relationship, but that respondents failed to plan for the children's future (*see* Social Services Law § 384-b [7] [a], [f]). The agency formulated a service plan, tailored to respondents' needs, including respondent father's cognitive limitations. The plan included regular supervised visitation, individual and group counseling, a parenting skills program, drug testing, assistance in finding suitable housing and, for the father, referrals to substance abuse programs, therapy for anger management issues, and a program to assist him in finding employment (*see e.g. Matter of Marissa Tiffany C-W. [Faith W.]*, 125 AD3d 512, 512 [1st Dept 2015]; *Matter of Adaliz Marie R. [Natividad G.]*, 78 AD3d 409 [1st Dept 2010]). Notwithstanding the agency's diligent efforts,

respondent mother did not make sufficient progress to enable the children to return to her. Moreover, she continued to plan with the father, who wholly failed to comply with the plan in significant respects, including addressing his drug abuse and anger management issues. Among other things, despite multiple offers of assistance, respondents did not attend any education and medical appointments for the children, failed to attend counseling consistently, and did not maintain public assistance or find suitable housing (*id.*). They also failed to submit to drug screens regularly, and the father tested positive for illicit substances. Family Court was entitled to draw the strongest negative inference against the father that the opposing evidence permitted from his failure to testify (*Matter of Alexis C. [Jacqueline A.]*, 99 AD3d 542, 543 [1st Dept 2012], *lv denied* 20 NY3d 856 [2013]).

Given the children's lengthy placement in suitable preadoptive foster homes, where their special needs were met, as well as the substantial concerns regarding respondents' continued failure to address the conditions that led to the children's removal, a preponderance of the evidence shows that termination of respondents' parental rights was in the children's best interests (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Anthony P. [Shanae P.]*, 84 AD3d 510, 511 [1st Dept 2011]). Although the children are in three separate foster homes, their foster parents are committed to maintaining the children's relationships with one another (*see Matter of Burke H. [Richard H.]*, 134 AD3d 1499, 1502 [4th Dept 2015]). Family Court properly determined that a suspended judgment is not in the best interests of these children (*see id.*; *see also Matter of Charles Jahmel M. [Charles E.M.]*, 124 AD3d 496, 497 [1st Dept 2015], *lv denied* 25 NY3d 905 [2015]).

We have considered respondents' remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.