■ In the Matter of LIERRE J.M., Also Known as JANE LIERRE M. and Another. NEW YORK FOUNDLING HOSPITAL, Respondent; MELISSA L.D., Appellant. (Proceeding No. 1.) In the Matter of COURAGEOUS J.M., Also Known as COURAGEOUS M. NEW YORK FOUNDLING HOSPITAL, Respondent; MELISSA L.D., Appellant. (Proceeding No. 2.) In the Matter of CHRISTINA A.R., Also Known as CHRISTINA R. NEW YORK FOUNDLING HOSPITAL, Respondent; MELISSA L.D., Appellant. (Proceeding No. 3.) [54 NYS3d 130]—

Appeals by the mother from three orders of fact-finding and disposition (one as to each child) of the Family Court, Richmond County (Arnold J. Lim, J.), all entered March 7, 2016. The orders, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the children to the Commissioner of the Administration for Children's Services of the City of New York and New York Foundling Hospital for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced these proceedings to terminate the mother's parental rights to the subject children on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court found that the mother had permanently neglected the children, terminated her parental rights, and transferred custody and guardianship of the children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.

"To establish that a parent has permanently neglected a child, an agency must establish by clear and convincing evidence that, for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship" (*Matter of Karina J.M. [Carmen Enid G.]*, 145 AD3d 893, 894 [2016]; *see* Social Services Law § 384-b [4] [d]; [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]). Contrary to the mother's contention, the Family Court properly found that the petitioner established by clear and convincing evidence that it made diligent efforts to assist the mother in maintaining contact with the children and planning for the children's future, including facilitating visitation, repeatedly providing the mother with referrals for drug treatment programs and mental health evaluations, and advising the mother of her need to attend and complete such programs and of the consequences of her failure to do so (*see Matter of Destiny A.K. [Barbara M.]*, 147 AD3d 758, 759 [2017]; *Matter of Angel M.R.J. [Rachel R.]*, 124 AD3d 657, 658 [2015]; *Matter of Kaydance H.G. [Carmen M.]*, 122 AD3d 630, 631 [2014]; *Matter of Dianelys T.W. [Malik W.]*, 121 AD3d 801, 801-802 [2014]; *Matter of Melisha M.H. [Sheila B.R.]*, 119 AD3d 788 [2014]; *Matter of Jaquan Tieran B. [Latoya B.]*, 105 AD3d 498 [2013]; *Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d 876 [2011]; *Matter of Racquel Olivia M.*, 37 AD3d 279, 280 [2007]). The court also properly found that, despite the petitioner's efforts, the mother failed to consistently maintain contact with the children or adequately plan for the children's future (*see Matter of Hector V.P. [Mariana V.]*, 146 AD3d 889, 890 [2017]; *Matter of Melisha M.H. [Sheila B.R.]*, 119 AD3d at 788; *Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d 778, 779 [2014]). The mother's belated partial compliance with the service plan was insufficient to preclude a finding of permanent neglect (*see Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d at 779; *Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d 543, 544 [2013]). Accordingly, the court properly found that the mother permanently neglected the children.

The Family Court providently exercised its discretion in declining to conduct an in camera interview with the child Christina (*see* Social Services Law § 384-b [3] [k]; *Matter of Alysa R.S. [Marie R.S.]*, 141 AD3d 532, 533 [2016]; *Matter of Samuel DD. [Margaret DD.]*, 123 AD3d 1159, 1163 [2014]; *Matter of Georges P. [Yvelisse A.]*, 103 AD3d 570 [2013]; *Matter of Tonjaleah H.*, 63 AD3d 1611, 1612 [2009]; *Matter of Shawna*

*U.*, 277 AD2d 731, 734 [2000]). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.