Matter of Jamayla C. M. (Marcela A. C.) (2018 NY Slip Op 05310)





Matter of Jamayla C. M. (Marcela A. C.)


2018 NY Slip Op 05310


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-06928
2017-06967
 (Docket Nos. B-23450-14, B-23451-14)

[*1]In the Matter of Jamayla C. M. (Anonymous). New York Foundling Hospital, respondent; Marcela A. C. (Anonymous), etc., appellant. (Proceeding No. 1)
In the Matter of Marcela C. R. (Anonymous), also known as Marcela R. (Anonymous). New York Foundling Hospital, respondent; Marcela A. C. (Anonymous), etc., appellant. (Proceeding No. 2)


Daniel P. Moskowitz, Jamaica, NY, for appellant.
Daniel Gartenstein, Long Island City, NY, for respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the children.



DECISION & ORDER
In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), both dated May 17, 2017. The orders, after fact-finding and dispositional hearings, determined that the mother permanently neglected the subject children and transferred guardianship and custody of the subject children to the New York Foundling Hospital and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
The New York Foundling Hospital (hereinafter the agency) commenced proceedings [*2]to terminate the mother's parental rights with regard to the subject children. After fact-finding and dispositional hearings, the Family Court determined that pursuant to Social Services Law § 384-b, the mother permanently neglected the children by failing to substantially plan for their future, terminated her parental rights, and transferred guardianship and custody of the children to the agency and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals, and we affirm.
Contrary to the mother's contention, the agency established, by clear and convincing evidence, that it exercised diligent efforts to encourage and strengthen the parent-child relationship by, inter alia, scheduling visits between the mother and the children, providing referrals for court-ordered programs including drug treatment, and advising the mother of the importance of complying with the court's directives (see Matter of Anthony D. [Yonas S.], 159 AD3d 818; Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022; Matter of Angel M.R.J. [Rachel R.], 124 AD3d 657; Matter of Dianelys T.W. [Malik W.], 121 AD3d 801; Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543; Matter of John M. [Raymond K.], 82 AD3d 1100). Despite these efforts, the mother failed to plan for the return of the children. Her multiple, repeated relapses into using cocaine and crack cocaine, including one relapse that occurred after completion of a rehabilitation program, demonstrate that she failed to adequately address the substance abuse problem (see Matter of Vaughn M.S. [Patricia C.S.], 144 AD3d 811; Matter of Joseph P. [Edwin P.], 143 AD3d 529; Matter of Tracy B. [Carlton B.], 143 AD3d 499; Matter of Jonathan B. [Linda S.], 84 AD3d 1078; Matter of David O.C., 57 AD3d 775). Although the mother completed two parenting skills workshops and an anger management program, this partial compliance with court-ordered programs was, under the circumstances, insufficient to preclude a finding of permanent neglect (see Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022; Matter of Kayla S.-G. [David G.], 125 AD3d 980; Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543). Accordingly, we agree with the Family Court's determination that the mother permanently neglected the children.
Furthermore, the record of the dispositional hearing fully supports the Family Court's conclusion that it was in the best interests of the children to terminate the mother's parental rights and free them for adoption (see Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022; Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543).
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court