Matter of Roberto M. (Jessica S.) (2018 NY Slip Op 07727)





Matter of Roberto M. (Jessica S.)


2018 NY Slip Op 07727


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-09844
2017-09849
 (Docket Nos. B-2639-16, B-2640-16, B-2641-16)

[*1]In the Matter of Roberto M. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Jessica S. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Brooklyn B. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Jessica S. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Aiyanna B. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Jessica S. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)


Paul N. Weber, Cornwall, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Stephanie Bazile of counsel), for petitioner-respondent.
Kelli M. O'Brien, Goshen, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from two orders of fact-finding and disposition of the Family Court, Orange County (Carol S. Klein, J.), both entered August 23, 2017 (one as to the child Roberto M., one as to the children Brooklyn B. and Aiyanna B.). The orders of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
The three subject children, born in 2006, 2009, and 2012, respectively, were placed in foster care in 2013. In 2016, the petitioner commenced these related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner for the purpose of adoption.
We agree with the Family Court's finding that the mother permanently neglected the children. To establish that a parent has permanently neglected a child, an agency must demonstrate by clear and convincing evidence that for at least one year or 15 out of the most recent 22 months following the date the child came into the agency's care, the parent failed "substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b[7][a]; see Social Services Law § 384-b[4]; Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 894).
Here, the petitioner established, by clear and convincing evidence, that it made such diligent efforts to encourage and strengthen the parental relationship as were not detrimental to the best interests of the children (see Social Services Law § 384-b[7][a]). While parental access was not provided, as it was shown that parental access with the mother would have been detrimental to the children's best interests, the petitioner made referrals to mental health, parenting, and drug and alcohol treatment services, encouraged the mother's compliance with the programs, and encouraged the mother to write letters to the children (see Social Services Law § 384-b[7][a]; Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d 1119, 1120; Matter of Lierre J.M. [Melissa L.D.], 150 AD3d 1009, 1010). Despite these efforts, the mother failed to provide the agency with letters that could have been provided to the children upon the approval of the Family Court, and failed to plan for the children's future by failing to complete required programs and to gain insight into her behavior and the problems that caused the children to be placed in foster care (see Matter of Isiah M. [Teresa M.], 158 AD3d 688, 689; Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d at 1120).
Moreover, we agree with the Family Court's determination that termination of the mother's parental rights was in the children's best interests (see Family Ct Act § 631; Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d at 1120). Contrary to the mother's contention, the entry of a suspended judgment was not appropriate in light of her continued lack of insight into her problems, and her failure to acknowledge and address the issues preventing the return of the children to her care (see Matter of Shaquan D.M. [Shaquanna M.], 150 AD3d at 1120; Matter of Lasuree A.B. [Carla S.B.], 141 AD3d 578, 579).
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court