Matter of Riyanna N. F. (Crystal M. S.--Angelina F.) (2019 NY Slip Op 02091)





Matter of Riyanna N. F. (Crystal M. S.--Angelina F.)


2019 NY Slip Op 02091


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-07317
 (Docket No. B-8156-16)

[*1]In the Matter of Riyanna N. F. (Anonymous), also known as Riyanna F. (Anonymous). Forestdale, Inc., petitioner-respondent; Crystal M. S. (Anonymous), appellant, et al., respondent; Angelina F. (Anonymous), intervenor-respondent.


Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY (Stephanie Simon, Alan Schoenfeld, and Anne Rosenblum of counsel), for appellant.
Rosin Steinhagen Mendel, New York, NY (Douglas H. Reiniger of counsel), for petitioner-respondent.
Jacqueline Cabrera, Jamaica, NY, for intervenor-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.
Davis Polk & Wardwell LLP, New York, NY (David J. Robles, Joshua S. Sills, and Walter H. Hawes of counsel), for amici curiae My Sisters' Place, Sanctuary for Families, World Without Exploitation, Day One, Her Justice, New York State Coalition Against Domestic Violence, New York State Anti-Trafficking Coalition, Polaris, Coalition Against Trafficking in Women, My Life, My Choice of Justice Resource Institute, ECPAT-USA, GEMS, National Network to End Domestic Violence, LIFT International, Covenant House, and New York Legal Assistance Group.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Marybeth S. Richroath, J.), dated May 30, 2017. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the subject child to the petitioner, Forestdale, Inc., and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The subject child was born in November 2010 and tested positive for heroin upon birth. As a result, the child was removed from the mother and placed in foster care several days [*2]later. Almost six year later, in April 2016, Forestdale, Inc. (hereinafter the agency), commenced this proceeding to terminate the parental rights of the mother and the father. After fact-finding and dispositional hearings, the Family Court issued an order of fact-finding and disposition, inter alia, finding that the mother permanently neglected the child, terminating the mother's parental rights, and transferring guardianship and custody of the child to the agency and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
In order for the Family Court to find that the mother permanently neglected the child, the agency was required to show, by clear and convincing evidence, that, for a period of one year following the child's placement with the agency, the mother failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[4], [7][a]). A threshold inquiry in a proceeding to terminate parental rights is whether an agency demonstrated that it made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Sheila G., 61 NY2d 368, 373). However, here, because the mother failed to keep the agency apprised of her whereabouts for a period of at least six months, the agency was not required to prove that it made diligent efforts (see Social Services Law § 384-b[7][e][i]; Matter of Jackie Ann W. [Leticia Ann W.], 154 AD3d 459, 461; Matter of Leavon Marvin B., 60 AD3d 941, 942). In any event, the agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the mother's relationship with the child. These efforts included providing the mother with referrals to drug treatment programs, parenting classes, and counseling, and encouraging her to visit with the child (see Matter of George R. [Samatha M.], 162 AD3d 1041, 1042; Matter of Lierre J.M. [Melissa L.D.], 150 AD3d 1009, 1010).
The agency demonstrated that the mother failed to visit the child or contact the agency from December 2010 to August 2012. Thus, the mother's failure to maintain contact with the child during that period was sufficient to support a finding of permanent neglect (see Matter of George R. [Samatha M.], 162 AD3d at 1043; Matter of Lierre J.M. [Melissa L.D.], 150 AD3d at 1010).
We agree with the Family Court's determination that it was in the child's best interests to terminate the mother's parental rights and to free the child for adoption (see Family Ct Act § 631; Matter of George R. [Samatha M.], 162 AD3d at 1043; Matter of Nay'amya W.R. [Kiara D.], 135 AD3d 770, 771).
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court