Matter of Ankhenaten Amen-Ra C. (Adanna J. C.) (2019 NY Slip Op 02084)





Matter of Ankhenaten Amen-Ra C. (Adanna J. C.)


2019 NY Slip Op 02084


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-03364
2018-03458
2018-03459
 (Docket Nos. B-11824-15, B-11825-15, 11826-15)

[*1]In the Matter of Ankhenaten Amen-Ra C. (Anonymous). Forestdale, Inc., petitioner-respondent; Adanna J. C. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 1)
In the Matter of D. (Anonymous), also known as Arjuna C. (Anonymous). Forestdale, Inc., petitioner-respondent; Adanna J. C. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Judea J. C. (Anonymous). Forestdale, Inc., petitioner-respondent; Adanna J. C. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 3)


Richard Cardinale, Brooklyn, NY, for respondent-appellant.
Rosin Steinhagen Mendel, New York, NY (Douglas H. Reiniger of counsel), for petitioner-respondent.
Allan D. Shafter, Port Washington, NY, attorney for the children Ankhenaten Amen-Ra C. and Arjuna C.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement), attorney for the child Judea J. C.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from three orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (Joan L. Piccirillo, J.), each entered February 8, 2018. The orders, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the children, terminated her parental rights, and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs [*2]or disbursement.
The petitioner, Forestdale, Inc., commenced these proceedings to terminate the mother's parental rights with respect to the three subject children. After fact-finding and dispositional hearings, the Family Court determined that the mother permanently neglected the children by failing to substantially plan for their future, terminated her parental rights, and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
The petitioner established, by clear and convincing evidence, that it exercised diligent efforts to strengthen the parent-child relationship by creating a service plan for the mother, which included submitting to a mental health evaluation and complying with recommendations, engaging in individual therapy, completing a parenting skills program, planning for the children separate from their father, enforcing the court's orders against the father as to the children, and maintaining consistent visitation. Moreover, the petitioner repeatedly counseled the mother as to the need to comply with the service plan, referred her to mental health services, paid for those services, referred her to an agency to assist her with her immigration status, and assisted her with housing applications (see Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022; Matter of Angel M.R.J. [Rachel R.], 124 AD3d 657; Matter of Dianelys T.W. [Malik W.], 121 AD3d 801; Matter of Tamara F.J. [Jaineen J.], 108 AD3d 543, 543-544; Matter of John M. [Raymond K.], 82 AD3d 1100). Despite these efforts, the mother failed to plan for the return of the children. Specifically, the mother failed to complete individual counseling, to keep the agency informed of where she was living, to plan independently from the father for return of the children, to enforce the court's orders against the father as to the children, and to timely attend scheduled visitation (see Matter of Vaughn M.S. [Patricia C.S.], 144 AD3d 811; Matter of Joseph P. [Edwin P.], 143 AD3d 529; Matter of Tracy B. [Carlton B.], 143 AD3d 499; Matter of Angel M.R.J. [Rachel R.], 124 AD3d 657; Matter of Jonathan B. [Linda S], 84 AD3d 1078; Matter of David O.C., 57 AD3d 775; Matter of Jonathan P., 283 AD2d 675; see also Matter of Daniella C.G., 25 AD3d 494). Although the mother completed a parenting skills workshop, the mother's partial compliance with the court-ordered programs was insufficient to preclude a finding of permanent neglect (see Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022; Matter of Kayla S.-G. [David G.], 125 AD3d 980; Matter of Tamara F.J. [Jaineen J.], 108 AD3d 543). Accordingly, we agree with the Family Court's determination that the mother permanently neglected the children, and we further agree that it was in their best interest to terminate her parental rights (see Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022; Matter of Tamara F.J. [Jaineen J.], 108 AD3d 543).
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court