Matter of Shaquel A.M. (Jamel C.M.) (2019 NY Slip Op 07688)





Matter of Shaquel A.M. (Jamel C.M.)


2019 NY Slip Op 07688


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Friedman, J.P., Kapnick, Oing, Singh, JJ.


10180

[*1] In re Shaquel A.M., also known as Shaquel M., and Others, Children Under the Age of Eighteen Years, etc., Jamel C.M., etc., Respondent-Appellant, Saint Dominic's Home, Petitioner-Respondent, Administrative for Children's Services, Respondent.


Andrew J. Baer, New York, for appellant.
Warren & Warren PC, Brooklyn (Ira L. Eras of counsel), for respondent.
Larry S. Bachner, New York, attorney for the children.



Order, Family Court, Bronx County (Valerie Pels, J.), entered on or about June 5, 2018, to the extent it brings up for review a fact-finding determination of permanent neglect against respondent father, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence that the agency made diligent efforts to strengthen and encourage the relationship between respondent and the children and that nevertheless respondent failed to maintain contact with the children or plan for their future (see Social Services Law § 384-b[7][a]). The agency formulated a service plan, referred respondent to a substance abuse counseling program and a parenting skills program, repeatedly reminded him of the consequences of failure to comply, and provided drug testing. Respondent completed the parenting program, but did not make sufficient progress to enroll in or complete the other programs (see e.g. Matter of Joseph P. [Edwin P.], 143 AD3d 529 [1st Dept 2016], lv denied 28 NY3d 1110 [2016]). Moreover, he refused to submit to drug tests. Respondent was uncooperative and failed to accept that his anger issues and erratic behavior interfered with his ability to be a parent to the children (see e.g. Matter of Raekwon Maxx A., 47 AD3d 435 [1st Dept 2008], lv denied 11 NY3d 703 [2008]; Matter of Samantha C., 305 AD2d 167 [1st Dept 2003], lv denied 100 NY2d 508 [2003]).
We find no reason for disturbing the court's finding that respondent is a consent father, rather than a notice father (see
Domestic Relations Law § 111[1][d], [3][b]; Cheeks v City of New York, 123 AD3d 532, 556 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK