Matter of T.J.J.J.P. (Deryck T.J.) (2024 NY Slip Op 00872)

Matter of T.J.J.J.P. (Deryck T.J.)

2024 NY Slip Op 00872

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Rosado, JJ. 

Docket No. B-00636/18 Appeal No. 1701 Case No. 2023-01276 

[*1]In the Matter of T.J.J.J.P., a Child Under Eighteen Years of Age, etc., Deryck T.J., Respondent-Appellant, J.J.P., Respondent, Rising Ground, Formerly Known as Leake & Watts Children's Home, Petitioner-Respondent.

Larry S. Bachner, New York, for appellant.
Rosin Steinhagen Mendel, PLLC, New York (Marion C. Perry of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.

Appeal from order, Family Court, New York County (Clark V. Richardson, J.), entered on or about May 16, 2022, which, upon respondent father's default in appearing at the fact-finding and dispositional hearings, found that he permanently neglected the subject child, terminated his parental rights, and committed the custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously dismissed, without costs, as taken from a nonappealable paper.
The father may not challenge the fact-finding determination of permanent neglect, including whether the agency expended diligent efforts to strengthen the parental relationship between him and the child, because it was entered upon his default and he has not moved for vacatur (see CPLR 5511; Matter of Felicia Malon Rogue J. [Lena J.], 146 AD3d 725, 726 [1st Dept 2017]).
Contrary to the father's contention, his refusal to participate in a virtual trial constituted a default (see Matter of Rodney W. v Josephine F., 126 AD3d 605, 606 [1st Dept 2015]), and Family Court was entitled to draw the strongest negative inference against him for failing to testify (see Matter of Joseph P. [Edwin P.], 143 AD3d 529, 530 [1st Dept 2016], lv denied 28 NY3d 1110 [2016]).
Even if Family Court's fact-finding determination were properly before this Court, the finding of permanent neglect was supported by clear and convincing evidence. The record shows that the agency expended diligent efforts by meeting with the father and discussing with him the necessity of completing his service plan, scheduling visitation, referring him for mental health services, substance abuse treatment, drug testing, and parenting skills and domestic violence programs, and attempting to contact the father's prison counselors to monitor his progress with services there (see Matter of Messiah G. [Giselle F.], 168 AD3d 420, 421 [1st Dept 2019], lv dismissed in part, denied in part 32 NY3d 1212 [2019]).
The record demonstrated that the father continued to test positive for marijuana, failed to regularly visit the child, and was not consistently engaged in the required services (see Matter of Micah Zyair F.W. [Tiffany L.], 110 AD3d 579, 579 [1st Dept 2013]). The father's incarceration during the statutory period did not relieve him of the responsibility to communicate with the child or to plan for his future (see Matter of Paul Antoine Devontae R. [Paul R.], 78 AD3d 610, 611 [1st Dept 2010], lv denied 16 NY3d 707 [2011]).
The father's contention that he received ineffective assistance of counsel is raised for the first time on appeal and unpreserved for appellate review (see Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 617 [1st Dept 2020]). On the merits, the attorney's refusal to participate in the fact-finding hearing after the father declined to participate was not ineffective representation, since the attorney's strategic decision preserved the father's opportunity to move [*2]to open the default (see Matter of Mishelys R. [Garland R.], 165 AD3d 554, 554 [1st Dept 2018], lv dismissed 32 NY3d 1192 [2019]).
We have reviewed the father's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024