■ In the Matter of RAYMOND C., a Child Alleged to be Permanently Neglected. MARIA V., Appellant; CATHOLIC GUARDIAN SERVICES, Respondent, et al., Respondent. [51 NYS3d 880]—

Order, Family Court, New York County (Jane Pearl, J.), entered on or about June 6, 2016, which, to the extent appealed from as limited by the briefs, found that respondent mother had permanently neglected the subject child, terminated the mother's parental rights and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence of the mother's failure to plan for the child's future, despite the agency's diligent efforts to reunite the mother with the child (*see* Social Services Law § 384-b [7] [a]). The agency expended the requisite diligent efforts by, among other things, repeatedly referring the mother to a drug treatment program, drug screenings, mental health treatment and housing services (*see id.* § 384-b [7] [f]; *Matter of Dade Wynn F.*, 291 AD2d 218, 218 [1st Dept 2002], *lv denied* 98 NY2d 604 [2002]). Despite the agency's efforts, the mother failed to complete a drug program or obtain mental health services within the relevant time period (*see Matter of Jaylin Elia G. [Jessica Enid G.]*, 115 AD3d 452, 453 [1st Dept 2014]; *Matter of Alford Isaiah B. [Alford B.]*, 107 AD3d 562 [1st Dept 2013]). The mother's consistent visitation with the child does not preclude a finding of permanent neglect, given her failure to plan for the child's future (*see Matter of Jonathan Jose T.*, 44 AD3d 508, 509 [1st Dept 2007]).

A preponderance of the evidence supports Family Court's determination that it was in the child's best interest to terminate the mother's parental rights to free the child for adoption (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Contrary to the mother's contention, there is nothing in the record to suggest that she obtained a mental health evaluation, received mental health services or completed a drug treatment program or was on the cusp of completing these services. Moreover, the child has lived with his foster mother since he was seven months old, he is thriving in her care, and the foster mother wants to adopt him (*see Matter of Jada Serenity H.*, 60 AD3d 469, 470 [1st Dept 2009]; *Matter of Rutherford Roderick T. [Rutherford R.T.]*, 4 AD3d 213, 214 [1st Dept 2004]).

We have considered the mother's remaining contentions and find them unavailing. Concur—Friedman, J.P., Moskowitz, Manzanet-Daniels, Kapnick and Webber, JJ.