Matter of "No Given Name" O. (Adele O.) (2022 NY Slip Op 05605)

Matter of "No Given Name" O. (Adele O.)

2022 NY Slip Op 05605

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Renwick, J.P., Oing, González, Mendez, Shulman, JJ. 

Docket No. B-29168/17 B-3694/18 B-5576/19 Appeal No. 16356 Case No. 2021-02655 

[*1]In the Matter of "No Given Name" O., Also Known as Kelyle P., and Another, Children Under the Age of Eighteen Years, etc., Adele O., Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent. 

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Magovern & Sclafani, Mineola (Joanna M. Roberson of counsel), for respondent.
Jessica Brown, Hartsdale, attorney for the children.

Order of disposition, Family Court, Bronx County (Lynn M. Leopold, J.), entered on or about June 17, 2021, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence supports the determination that termination of the mother's parental rights is in the best interests of the children. The evidence presented at the dispositional hearing established that the children were doing well living with their foster mothers with whom they have been living for almost their entire lives, and that their foster mothers wanted to adopt them (see Matter of Sandra N. v Administration for Children's Servs., 103 AD3d 591, 592 [1st Dept 2013], lv denied 21 NY3d 857 [2013]; Matter of Nicole Monique H., 270 AD2d 205 [1st Dept 2000], lv denied 95 NY2d 761 [2000]). Furthermore, the mother's dispositional testimony established that it had been over a year since she last visited the children and that she failed to complete her service plan, including obtaining suitable housing for the children and participating with mental health services and domestic violence counseling in the one year before the permanent neglect petitions were filed against her (see Matter of Tracy B. [Carlton B.], 143 AD3d 499, 499 [1st Dept 2016]).
A suspended judgment is not appropriate here, because it would only serve to prolong the children's lack of permanence given that the mother failed to demonstrate any meaningful progress toward reunification, nor has she addressed the conditions which led to the children's removal (see Matter of Skylynn M.P. [Michelle F.], 172 AD3d 506, 507 [1st Dept 2019]; Matter of Tion Lavon J. [Saadiasha J.], 159 AD3d 579, 580 [1st Dept 2018]). After spending nearly their entire lives in foster care, the children should not be denied permanence through adoption to provide the mother additional time to demonstrate that she can be a fit parent (see Matter of Autumn P. [Alisa R.], 129 AD3d 519, 520 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022