Matter of N.N. (Delroy N.) (2026 NY Slip Op 01012)

Matter of N.N. (Delroy N.)

2026 NY Slip Op 01012

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Docket No. B-07177-78/14, B-14512-13/18|Appeal No. 5907-5907A|Case No. 2024-00050|

[*1]In the Matter of N.N. And Another, Children Under the Age of Eighteen years, etc., Delroy N., Respondent-Appellant, Children's Aid Society, Petitioner-Respondent. 

Bruce A. Young, New York, for appellant.
Law Offices of James M. Abramson, PLLC, New York (James M. Abramson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.

Order of disposition, Family Court, Bronx County (Karen M. C. Cortes, J.), entered on or about November 20, 2023, which, after a fact-finding determination that respondent father permanently neglected the subject children, terminated his parental rights to the children and committed their guardianship and custody to petitioner agency and the Commissioner of Social Services for the purposes of adoption, unanimously affirmed, without costs. Appeal from fact-finding order, same court and judge, entered on or about March 1, 2023, unanimously dismissed, without costs, as no appeal lies from an order entered on default.
As to the dispositional order, the record supports the determination that termination of the father's parental rights is in the children's best interests (see Matter of Shilloh M.J. [Jamesina M.J.], 183 AD3d 540, 541 [1st Dept 2020]). The evidence presented at the dispositional hearing established that the children were doing well living with their respective foster parents, with whom they have resided for almost the entirety of their lives, approximately 12 years, and that both children wanted to be adopted by their foster parents, did not feel safe in the father's care, and did not want to see him (see Matter of CaAliyah W-N. A. [Carl A.], 236 AD3d 401, 402 [1st Dept 2025]; Matter of "No Given Name" O. [Adele O.], 209 AD3d 443, 443-444 [1st Dept 2022]; Matter of Anthony R.L.O. [Anthony L.O.], 143 AD3d 475, 476 [1st Dept 2016]). The father also displayed limited knowledge of the subject child's diagnosed medical condition and was unaware of that child's medical providers (see Matter of Deime Zechariah Luke M. [Sharon Tiffany M.], 112 AD3d 535, 537 [1st Dept 2013], lv denied 22 NY3d 863 [2014]).
To the extent the father claims that the court should have issued a suspended judgment, there is no basis for such relief, where the father's situation is unlikely to change with a short reprieve, and the children are entitled to permanency in their pre-adoptive foster homes (see Matter of Nautica Skyy W. [Amber NY-Cole W.], 198 AD3d 589, 590 [1st Dept 2021]).
Finally, the father's desire to keep the children together is not a sufficient basis to reverse the disposition under the circumstances. While generally it may be preferable for siblings to reside together, the rule is not absolute, especially where, as here, the children have lived in separate foster homes for many years (see Matter of Ender M.Z.-P. [Olga Z.], 109 AD3d 834, 836 [2d Dept 2013], lv denied 72 NY3d 863 [2014]), and the foster parents are committed to arranging sibling visits for the children to maintain their relationship (see Matter of Joseph P. [Edwin P.], 143 AD3d 529, 530 [1st Dept 2016], lv denied 28 NY3d 1110 [2016]).
No appeal lies from the fact-finding order, since the father defaulted at the fact-finding hearing (see Matter of Roberto O. [Lakeysha H.], 151 AD3d 525, 525 [1st Dept 2017]; Matter of Jaquan Tieran B. [Latoya B.], 105 AD3d 498, 499 [1st Dept 2013]).
We have considered the father's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026