Matter of M.K.A. (T.M.)

2026 NY Slip Op 02051

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of M.K.A., Also Known as M.M., a Dependent Child Under the Age of Eighteen Years, etc., T.M., Respondent-Appellant, Children's Aid Society, Petitioner-Respondent.

Decided and Entered: April 07, 2026

Docket No. B-1659/21|Appeal No. 6283|Case No. 2024-04228|

Before: Webber, J.P., Kennedy, Kapnick, González, O'Neill Levy, JJ.

Law and Mediation Office of Helene Bernstein, PLLC, Brooklyn (Helene Bernstein of counsel), for appellant.

Law Office of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), for respondent.

Rosin Steinhagen Mendel, PLLC, New York (Tennille M. Tatum-Evans of counsel), attorney for the child.

[*1]

Order, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about March 26, 2024, which, to the extent appealed from, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and transferred custody and guardianship of the child to petitioner agency Children's Aid Society and the Commissioner of the Administration for Children's Services of the City of New York for purposes of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supports the determination that the agency made diligent efforts to reunite the mother with the child by, among other things, scheduling weekly in-person and virtual visits and covering the cost of the mother's transportation, creating a service plan tailored to the mother's needs, including a referral to determine her eligibility for additional services, mental health and domestic violence counseling, as well as referrals for special needs parenting classes, dyadic therapy, visitation coaches, a parent advocate, and a housing specialist for assistance with finding housing. The agency also scheduled 120 case planning conferences to discuss the mother's progress toward completing her service plan, kept the mother aware of the child's medical appointments, and had an agency nurse available to explain the child's medical conditions (see Social Services Law § 384-b[7][a], [c], [f]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429 [2012]; Matter of Faith J. [Kimberly J.], 200 AD3d 611, 611 [1st Dept 2021]).

Although the mother may have attended some of the services to which she was referred, she failed to consistently comply with her service plan, gain insight into the issues that led to the child's placement in foster care, and failed to plan for the child's future, warranting a finding of permanent neglect (see Social Services Law § 384-b [7]; Matter of Janell J. [Shanequa J.], 88 AD3d 512, 512 [1st Dept 2011]; Matter of Racquel Olivia M., 37 AD3d 279, 280 [1st Dept 2007], lv denied 8 NY3d 812 [2007]). After 2019, the mother was not permitted to have unsupervised visitation with the child because she had to be repeatedly reminded to make sure the child's mouth was empty before feeding the child to prevent the child from choking, she fell asleep during supervised visitation even after being assigned a visiting coach, and she continued communicating with the father of the child after being told that she was not complying with her service plan by having contact with him given his history of domestic violence (see Matter of Nathaniel T., 67 NY2d 838, 841-842 [1986]). Although the mother visited the child, the quality of the visits was poor, and, in any event, consistent visitation does not preclude a finding of permanent neglect where, as here, there has been a failure to plan for the child's future (see Matter of Raymond C. [Maria V.], 150 AD3d 476, 477 [1st Dept 2017], lv denied 29 NY3d 913 [2017]).

[*2]

A preponderance of the evidence supports Family Court's determination that it was in the child's best interests to terminate the mother's parental rights and free the child for adoption (see Matter of Serenity H. [Shantell F.], 200 AD3d 452, 452-453 [1st Dept 2021]). As of the date of the dispositional hearing, the then five-year-old child spent most of the child's life in foster care, not having resided with the mother since the child was approximately 15 days old, and was well-bonded with the foster mother who wished to adopt the child and could handle the child's special needs (see Matter of Serenity K.T. [Shanisha S.], 190 AD3d 572, 573 [1st Dept 2021]). A suspended judgment is not warranted as the mother failed over an extended period of time to comply with her service plan, and to allow her still more time to demonstrate that she can be a fit parent would serve no other purpose than to prolong the child's lack of permanence (see Family Court Act § 633; see Matter of "No Given Name" O. [Adele O.], 209 AD3d 443, 444 [1st Dept 2022]).

We have considered the father's further arguments in support of the mother and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026